The allegation in the indictment was, that the defendant intending to cheat, etc., one Collins, unlawfully, knowingly, etc., sold him four barrels of lightwood chips, billets of wood, and dirt, covered on top with turpentine, for four barrels of merchantable turpentine, (Scrape, as it is known in the trade,) for which he obtained ten dollars.
It was in evidence for the State, that the defendant endeavored to sell the barrels, purporting to contain scrape to one Britt before going to the store of Collins, but Britt discovering something suspicious in the appearance of the barrels, asked to examine them, which was objected to by defendant, who said, that he would not cut the staves. Upon opening the heads, Britt found a top skin of turpentine, about an inch thick, and chips hewed from the boxes beautifully arranged under that. Britt told the defendant, it was not turpentine, and that it was worthless; defendant said it was good, that he had sold plenty like it, and asked Britt to say nothing about it.
It further appeared, that defendant carried it to the store of Collins, *Page 73 
at the time in the keeping of his son, twelve years old, and proposed to sell him the four barrels of turpentine, remarking that it was all right; that he, the son, "need not examine it, but might take his word for it, that it was as good at the bottom of the barrels as it was on top;" that when the barrels were emptied, they were found to contain a small quantity of turpentine, the rest, lightwood (76) chips and dirt.
Collins, the prosecutor, testified, that he spoke to defendant about it after the sale, and he said he was ashamed of selling the turpentine to a boy, that he had received a ten dollar bill for it, and would make it all right. Flack, another witness, heard the defendant tell the son, after receiving payment for the four barrels, that, if upon examination it was not all right, he would refund the money.
Defendant's counsel asked his Honor to charge:
That unless the agent of Collins informed him of the alleged false pretenses, before he, the agent, delivered the goods to the defendant, the jury cannot convict;
That if the jury think that the prosecutor had the means of detection at hand and did not use it, the jury cannot convict;
That if the jury think that there was a warranty, and that the prosecutor relied upon that warranty, they cannot convict;
That the jury must believe that the prosecutor relied upon the false pretenses, believing them to be true, or they cannot convict;
That it is for the jury to say, whether or not the prosecutor had the means at hand to detect the fraud.
All of which instructions his Honor declined to give, and charged the jury, that if the defendant, knowingly and intentionally, offered for sale and did sell, as charged in the indictment, the turpentine, as merchantable hard, or scrape turpentine, knowing the same to be fraudulently mixed with chips, etc., he is guilty; that deceiving an agent in the execution of his appropriate business, which he is employed to transact, is the same as deceiving the principal; and that if the jury are satisfied from the evidence, that the defendant was the active agent in the transaction, and that he is guilty of unmistakable and intentional fraud and deception, then they are to return a verdict of guilty.
The jury found defendant guilty. Rule for a new trial; rule discharged. Judgment, and appeal by defendant.
That the Court ought to have charged, that if the falsity of the representation as to the quality of the turpentine, could have been *Page 74 
ascertained by ordinary prudence, the defendant was not guilty. State v.Phifer, 65 N.C. 326; Wharton's Am. Crim. L., Secs. 2, 122, 2, 129, 2, 131 and 2, 133; Roscoe's Crim. Ev., 443.
The doctrine of caveat emptor, upon which the defendant relies, does not apply to the facts in the case before us.
After the very thorough discussion of the crime of cheating by false tokens, pretences, etc., and the citation of authorities, by READE, J., inState v. Phifer, 65 N.C. 321, it would be useless to pursue the subject further.
The facts in this case fall clearly under the denunciation of our statute. Rev. Code, Ch. 34, Sec. 67. And, notwithstanding the objection urged by counsel to the charge of his Honor, we are of opinion that he submitted the case to the jury, in as favorable a light to the defendant as he had a right to expect. There is no error.
PER CURIAM. Judgment affirmed.
Cited: S. v. Young, 76 N.C. 260; S. v. Lambeth, 80 N.C. 395; S. v.Holmes, 82 N.C. 608; S. v. Eason, 86 N.C. 675; S. v. Dickson, 88 N.C. 645;S. v. Daniel, 114 N.C. 824.
(78)