STATE v. A. M. KING.

In order to constitute a Forcible Trespass there must be some demonstration of force as distinguished from mere wor s: as by a display of weapons, or other outward signs of violence, or by numbers, which supply the place of violence, and are equally calculated to put in fear.

(*State* v. *Ray*, 10 Ired. 39; *State* v. *Covington*, 70 N. C. Rep. 71; *State* v. *Armfield*, 5 Ired. 207; *State* v. *Pearman*,, Phil. Rep. 371, and *State* v. *Phifer*, 65 N. C. Rep. 321, cited and approved.)

This was an INDICTMENT tried before C oud J., at Fall Term, 1875, of STOKES Superior Court.

The indictment contained two counts : one for obtaining goods by false pretense, and the other for forcible trespass. Upon the trial the defendant moved the court to direct the Solicitor for the State to elect as to the count upon which the defendant should be tried. The motion was overruled by the court and the prisoner excepted.

The State introduced one Wilson, the prosecutor, as a witness, who testified that some time during the year 1875, the defendant came into his store, in the county of Stokes, and desired to purchase of him a bolt of domestic. That he at first declined to sell, telling the defendant that his wife desired the cloth for her own use. The defendant insisted on buying it, promising the witness that he would pay him the money and he could buy other goods of the kind by the time his wife would need it. The witness then measured off the cloth and laid it on the counter telling the defendant that it came to $3.55. The defendant picked it up, carried it to his horse, which was hitched in the road about five paces from the store and laid it across the saddle. He then returned to the store, walked up to the counter, felt in his pocket and taking out some money, (witness could not say how much) told the witness that he had an order on him for the cloth from one Wm. Edwards which he must take. The witness replied, "you

promised me the cash, I can't take an order from Edwards; that the order was just but he could not accept it, that he must have the money." The defendant then turned and walked out toward his horse. The witness followed, and as the defendant was about mounting, told him not to carry off his goods until he had paid for them. The defendant then started to ride off, the witness being present, and throwing down the order looked back at the witness and said with an oath, "I have got the goods, help yourself if you can." No other person was present. The defendant made no other demonstration of force.

His Honor instructed the jury that the evidence did not sustain the allegation contained in the first count and the Solicitor abandoned the same.

The counsel for the defendant then asked the court to charge the jury that the proof did not sustain the allegation of forcible trespass. The court declined to charge as requested, but charged the jury that if they believed the witness the defendant was guilty of forcible trespass as charged in the second count of the bill of indictment. The defendant excepted.

The jury rendered a verdict of guilty, and thereupon the defendant moved for a new trial. Motion overruled and defendant appealed.

No counsel in this court for the defendant.
*Attorney General Hargrove,* for the State.

Bynum, J. This case is governed by the decisions in the *State* v. *Ray,* 1 Ired. 39, and the *State* v. *Covington,* 70 N. C., 71, where it is held, that to constitute a forcible trespass, there must be some demonstration of force, as distinguished from mere words, as by a display of weapons, or other outward signs of violence, or by numbers, which supply the place of force, and are equally calculated to intimidate or put in fear, as was the case of the *State* v. *Armfield,* 5 Ired., 307,

and *State* v. *Pearman*, Phil. 371, cited by the Attorney General. There was no such parade of force or numbers in our case, but bare words only. There is error.

The other count, for cheating by false pretenses, on the intimation of the court that it could not be sustained, was abandoned by the Solicitor. Perhaps, as framed, it is insufficient, but the attention of prosecuting officers is called to the case of the *State* v. *Phifer*, 65 N. C. 321, and the law of this State, as there announced, as affording an indictable remedy in most cases of fraud and meanness like this. It is there laid down that where there is a false representation of a subsisting fact, calculated to deceive, whether the representation be in writing or in words or in acts, by which the defendant obtains something of value from another without compensation to him, it is indictable as a cheat by false pretenses. The defendant here, in substance, represented to the merchant, that he had the money in his pocket, and would pay down the cash as soon as the cloth was measured, and, by this false represention, obtained the goods. I incline to think that Phifer's case covers this, but the question is not now presented, and we do not decide it. Certain it is, that unless such offences can be thus reached, it is incumbent upon the Legislature, in these times of homesteads and exemptions, where a civil action affords no redress, to protect society and trade against such dishonesty, by some adequate legislation.

PER CURIAM. Judgment reversed and *venire de novo.*