### STATE v BOB YOUNG

*Indictment -- Cheating by False Pretences -- Caveat Emptor.*

1. In an indictment for cheating by false pretences where the defendant, for value obtained, delivered cotton to the prosecutrix falsely representing it to be of the grade of "good middling ;" *Held*, that it is not; an indictable offence, for

2. In such case the rule of *caveat emptor* applies.

(*State* v. *Phifer*, 65 N. C. 321 ; *State* v *Jones*, 7) N C. 75, cited, distinguished and approved.)

INDICTMENT for cheating by False Tokens and Pretences,. (Bat. Rev. ch. 32 § 67.) tried at Fall Term, 1876, of MECK-LENBURG Superior Court, before *Schenck, J.*

The facts are that one Susan Galloway the prosecutrix leased a tract of land to defendant for one year. Defendant agreed to pay as rent four bales of "good middling" cotton. On the first of January, 1876, he sent two bales to prosecutrix and about a month thereafter in a settlement between the parties the prosecutrix took the defendant's note for $100 in lieu of the other two bales. The prosecutrix afterwards sold the cotton for $70. The defendant falsely represented the two bales as "good middling" cotton for the; purpose of deceiving the prosecutrix and to obtain a credit. on his contract, which credit he did obtain.

The jury rendered a verdict of guilty and the defendant: moved in arrest of judgment ; that "credit on an account" is not embraced by the statute as a thing to be obtained by false pretences.

The Court being of opinion with defendant allowed the motion and *Montgomery*, Solicitor for the State, appealed.

STATE *v.* YOUNG.

*Attorney General,* for the State.

*Messrs. W. W. Flemming* and *A. Burwell,* for the defend- . ant.

FAIRCLOTH. J. In the cotton markets the terms "Middling, Good Middling. Ordinary, Good ordinary" and some others are well understood by buyers and sellers in the cotton regions. They signify distinct grades of cotton and sell at prices differing very materially. It is a common business to buy and sell cotton without inspection on the basis of these terms and when delivered, if the grade is higher or lower the price is varied accordingly. Reference to these terms here is not important except to show that the draftsman did not advert particularly to the use of these terms, as the bill of indictment charges that the defendant fraudulently represented the bales of cotton to be "good middling" and finally that he obtained a credit on his account at the price of "good cotton"

The defendant had agreed to pay the prosecutrix, as rent, four bales of "good middling" cotton for the year 1875, and the bill alleges that on the delivery of two bales he falsely represented them as such ; whereas in fact they were of an inferior grade and these facts are ascertained by the special verdict. It also charges that he falsely and fraudulently packed said bales by having good cotton on the outside and inferior cotton in the interior of said bales and thereby deceived the prosecutrix. This charge is not established by the special verdict, nor does any evidence before us tend to show that it was true. In *State* v. *Phifer,* 65 N. C. 321, Reade, J. after an interesting review of the doctrine of cheating by false tokens, &c., states the rule to be, "that a false representation of a subsisting fact, calculated to deceive, which does deceive, and is intended to deceive, whether the

representation be in writing or in words or in acts, by which one man obtains value from another without compensation, is a false pretence indictable under our statute." The fact misrepresented was that the cotton was "good middling," but this was a matter of observation and the defect was as patent to the prosecutrix as any one else and therefore the doctrine of *caveat emptor* must apply. It may be that the prosecutrix considered it as represented, and knew no better until the cotton was tested in the market at a subsequent time. If the fact was found to be that the defendant had concealed dirt or inferior cotton, &c., within the bale and represented the whole to be good then a different question would be presented. This was the case in *State* v. *Jones,* 70 N. C. 75, where the defendant covered up dirt, chips, &c., in the barrel with good turpentine and represented the whole as good. There the defect was concealed, here it was open before the eyes of the prosecutrix.

No error. Let this be certified to the Superior Court that the matter may be disposed of according to law.

PER CURIAM.                    Judgment affirmed.