STATE v. J. A. LAMBETH.

*False Pretence—Insufficient Indictment.*

An indictment for false pretence, charging that defendant represented a horse which he traded to prosecutor, " to be all right, whereas in truth and in fact he was not all right, but diseased to such an extent as to

render him worthless," is too vague and indefinite, and a motion in arrest of judgment after conviction was properly allowed.

(*State* v. *Hill,* 79 N. C., 656 ; *State* v. *Jones,* 70 N. C., 75 ; *State* v. *Young,* 76 N. C., 258, cited and approved.)

INDICTMENT for False Pretence tried at Fall Term, 1878, of ROBESON Superior Court, before *Buxton, J.*

The bill of indictment was substantially as follows : "The jurors, &c., present the J. A. Lambeth did designedly, &c., pretend to one A. S. Baker, that a certain horse which he, Lambeth, offered to trade and did trade to said Baker, was all right; whereas in truth and in fact the said horse was not all right, but diseased to such an extent as to render him almost entirely worthless, he the said Lambeth well knowing the statement to be false, by which said false pretence he did unlawfully, &c., obtain of said Baker, one mule of the value of $75, the property of said Baker, with intent, &c. The jury found the defendant guilty. Motion in arrest of judgment made and allowed, and *McIver,* solicitor for the state, appealed.

*Attorney General,* for the state.
*Mr. W. F. French,* for the defendant.

ASHE, J. Every indictment must be certain to a general intent. It must state all the facts and circumstances which constitute the offence with such certainty and precision that the defendant may be enabled to see whether they constitute an indictable offence. The object of all indictments is to inform the prisoner with what he is charged, as well to enable him to make his defence as to protect him from another prosecution for the same criminal act. It should therefore be reasonably specific and certain in all its material averments. *State* v. *Hill,* 79 N. C., 656 ; Whar. Crim. Law.

The false pretence charged in the indictment is that the

defendant represented the horse which he traded to the prosecutor to be "all right," whereas in truth and in fact he was not all right, but diseased to such an extent as to render him worthless. What is meant by "all right?" Does it refer to color, gait, docility of disposition, working qualities or soundness? Whatever it does mean, it was incumbent on the state to allege in what respect he was not all right, and to make that allegation certain and definite so that the court can see that an indictable offence has been committed, and the defendant may know what he has to defend.

Every indictment should contain all the material facts necessary to be proved in order to procure a conviction. 1 Bish. Crim. Pro., § 48. To convict the defendant upon this indictment, it was necessary to prove not only that the horse was diseased, but in what respect he was diseased; then according to the last authority, it should have been specifically alledged in the indictment how and in what manner the horse was not all right, that the defendant might see whether a criminal offence was charged, and if it was that he might prepare to meet it.

In the case of *State* v. *Jones*, 70 N. C., 75, the false pretence alleged there was that some barrels of turpentine were "all right," just as good at bottom as at top, but when examined were found to contain some little turpentine on the top of each barrel, and the rest, chips, billets of wood, and dirt. This indictment was good because the averment negativing the pretence was specific and gave notice to defendant of what he had to meet, and if he could prove that there were no chips and dirt in the barrels he must be acquitted. But in our case it only alleged that the horse was diseased, but which of the numerous diseases the equine flesh is heir to, is not stated. If it had been alleged that he was blind, lame, affected with fits, or subject to cholic, the defendant would have been apprised of what he was called upon to defend.

It is a well established principle and one that furnishes a good criterion by which the sufficiency of an indictment may be ascertained, "that if all the facts alleged in an indictment may be true and yet constitute no offence, the indictment is insufficient." The horse in this case may have been very badly diseased and yet the defendant be guilty of no violation of the criminal law, as for instance if the unsoundness was patent, the horse was affected with spavin, or had lost the frogs of his feet, defects which may be discovered by ordinary inspection, the defendant could not be convicted, for in such cases the rule of *caveat emptor* applies. *State* v. *Young*, 76 N. C., 258.

Per Curiam.                                             No error.