## STATE v. FRANCIS HOLMES.

*False Pretense—Defective Indictment.*

An indictment under Bat. Rev., ch. 32, § 67, charging that defendant "did designedly, unlawfully and falsely pretend that a horse in his possession was sound and healthy, whereas in truth and in fact the said horse was not sound and healthy, well knowing the same to be false," by which he obtained goods of another with intent, &c., is defective. There is no averment of any *false pretense*, but only of a falsehood or false affirmation.

(*State* v. *Phifer*, 65 N. C., 321 ; *King*, 74 N. C., 177 ; *Jones*, 70 N. C., 75; *Young*, 76 N. C., 258 ; *Lambeth*, 80 N. C., 393, cited and approved )

INDICTMENT for obtaining goods by False Pretences, tried at October Term, 1879, of NEW HANOVER Criminal Court, before *Meares, J.*

The bill of indictment is as follows: The jurors for the state upon their oaths present that Francis Holmes, late of the county of New Hanover, with force and arms at and in said county, on the first day of January, A. D. 1879, did designedly, unlawfully and falsely pretend to one Remus Thomas, that a certain horse then in his possession was sound and healthy, and that there was nothing the matter with him, whereas in truth and in fact the said horse was not sound and healthy, but was perfectly unfit for use, well knowing the same to be false, by color of which said false pretense, he the said Francis Holmes did then and there unlawfully and designedly obtain of the said Remus Thomas one horse of the value of twelve pence, the property of the said Remus Thomas, with intent then and there to cheat and defraud the said Remus Thomas, to the great damage of the said Remus Thomas, against the form of the statute in such cases made and provided and against the peace and dignity of the state.

There was a verdict of guilty. The defendant obtained a rule for new trial, the rule was discharged and he then moved in arrest of judgment, and that motion was overruled, from which ruling he appealed.

*Attorney General*, for the State.
No counsel for defendant.

ASHE, J. It is unnecessary for us to consider the question of new trial as we are of the opinion that there was error in the ruling of the court below on the motion in arrest of judgment.

The defendant is indicted under section 67, chapter 32, Battle's Revisal. There have been a good many cases decided by this court of indictments under that section, and while there has been some differences in the interpretations given to it, the court seems to have settled down upon the case of the *State* v. *Phifer*, 65 N. C., 321, as giving the true construction of what is meant by false pretenses. In that case READE, J., in an able and well considered opinion, held the "rule to be that a false representation of a subsisting fact, calculated to deceive, and which does deceive, and is intended to deceive, whether the representation be in writing or words or in acts, by which one man obtains value from another, without compensation, is a false pretense indictable under our statute." And this case has been followed and cited with approval by the cases of *State* v. *King*, 74 N. C., 177; *State* v. *Jones*, 70 N. C., 75 and *State* v. *Young*, 76 N. C., 258. This construction is fortified by the authorities of Archbold and Bishop who hold that an opinion, a falsehood, a false excuse or false affirmation is not a false pretense in the meaning of the English statute of 30 Geo. II, which is similar to ours, but that there must be a false representation of an existing fact made for the purpose of in-

ducing the prosecutor to part with his property.   Arch. Cr. Pl., 246, a; Bish. Cr. Law, §§ 408, 431.

For instance, if a man falsely pretends that he is the servant of another and has been sent by his master for certain goods, and obtains them; or one buys goods from a merchant and says he has no money with him, but has a deposit in bank and gives a check for the price, and it turns out that he has no money there; these and such false representations of existing facts are what is meant in the statute by false pretences, and they must be set forth in the indictment with sufficient certainty, and some or all of them must be negatived by specific averments.   Arch. Cr. Pl., 246–'47.

In this indictment there is no averment of any false pretense; but only of a falsehood, a false affirmation, for which the defendant is liable in a civil action.   If such a falsehood were indictable, then, instead of all the actions which have been brought for deceits and false warranties, the defendant should have been indicted for obtaining goods or property by false pretences.

In *Lambeth's case*, 80 N. C., 393, the judgment was arrested by the court upon the ground of uncertainty in the averments of the bill of indictment, but even in that case if the particulars on which the horse was alleged to be not "all right" had been specifically and definitely set forth, the judgment should have been arrested for the reasons assigned in this opinion.

Error.                               Reversed.