By the Court:
A majority of the court is of opinion that the indictment is faulty in two particulars.
1. The allegations “that said real estate was encumbered by debts and liens, and that all of said real estate was not in the name of said Henry W. Trisler, and that he was not then the owner of all of said real estate” do not amount to substantial denials. For ought that appears, defendant may have been the owner, in his own name, of all save some insignificant parcel of the land, and the liens and debts may have been trifling in amount. Redmond v. The State 35 Ohio St., 81.
2. The allegation that defendant “did owe and was indebted to divers persons to the amount of more than one thousand dollars,” is indefinite. It was the right of the defendant to be informed of the names of the persons to *585 whom the state charged him with being indebted, and,, approximately, of the amount to each, in order that he. might intelligently prepare his defense. 2 Bishop on C. P., secs. 165, 168: State v. Lambeth, 80 N. C., 393; Keller v. State, 51 Ind. 111; Barber v. The State, 17 Hun. 366.
It is arguéd that the' representations as to title and ownership of, and liens upon, the land, were not calculated b> deceive, because they were all matters of record of which all persons are bound to take notice. This proposition is. without force or substance.

Exceptions overruled.