STATE v. J. H. DANIEL.

*False Pretenses, what constitutes—Opinion.*

1. To be indictable the false pretense must be of some existing fact in contradistinction alike from a mere promise or a mere opinion; therefore,

2. Where defendant obtained a bottle of medicine from another by false representations that it was too strong to be applied on the face of such other, he cannot be held guilty of obtaining goods under false pretenses.

INDICTMENT, tried at September Term, 1893, of WAKE Superior Court, before *Shuford, J.*

The indictment was as follows:

"The jurors for the State, upon their oaths, present that J. H. Daniel, late of the county of Wake, wickedly devising and intending to cheat and defraud, on the 27th day of August, 1893, with force and arms at and in the county aforesaid, unlawfully, knowingly, designedly and feloniously did, unto one Mark Barker, falsely pretend that certain medicine, to-wit, one ounce thereof in the possession of the said Mark Barker, was too strong to be applied to a sore on the face of the said Mark Barker, whereas in truth and in fact the said medicine was not too strong to be applied to the sore aforesaid; by means of which said false pretense he, the said J. H. Daniel, feloniously, knowingly and designedly did then and there unlawfully obtain from the said Mark Barker the following goods and things of value, the property of said Mark Barker, to-wit, one ounce of medicine, with intent then and there to defraud, against the form of the statute," etc.

After a verdict of guilty the defendant moved in arrest of judgment because the bill did not charge an indictable offence, but merely the expression of an opinion as to the strength of the medicine.

The Court overruled the motion and pronounced judgment, and the defendant excepted and appealed.

*The Attorney General,* for the State.

*Messrs. Alexander Stronach* and *Thomas M. Argo,* for defendant.

MacRae, J. (after stating the facts): The recognized rule is that "the false pretense must be of some existing fact in distinction alike from a mere promise or a mere opinion." 2 Bish. Cr. Law, sec. 429. Among other authorities the author cites the case of *State* v. *Jones,* 70 N. C., 75, where the defendant sold a barrel containing chips and dirt covered with turpentine as a barrel of turpentine. He proceeds at section 450: "But when we depart from such cases as these and come to those in which it is uncertain whether what seems to be fact is not mere opinion, the difficulties of our present inquiry increases," and at section 454: "Now, a mere opinion is not a false pretense, but any statement of a present or past fact is one, if it is false."

In *State* v. *Hefner,* 84 N. C., 751, in discussing a motion in arrest, Ashe, J., says: "The defendant falsely stated that there never had been anything the matter with the eyes of the mare. If he had simply stated that the eyes of the mare were sound this would have been nothing more than the expression of an opinion, which we think would not have come within the statute; but when he says there never has been anything the matter with them this is a fact, and when it is negatived and proved that her eyes were diseased and had been operated upon for "the hooks" within the knowledge of the defendant, it is the false representation of a fact, and is a false pretense within the statute."

So, it was held in *State* v. *Young,* 76 N. C., 253, that a false representation that certain cotton was "good middling"

in grade was held not an indictable offence, although it is but fair to say that the reason assigned by the Court was that the quality of the cotton was a matter of observation and the maxim *caveat emptor* would apply.

It was held in *State* v. *Holmes*, 82 N. C., 607, that such representation that a horse was sound and healthy, and in *State* v. *Lambeth*, 80 N. C., 393, that it was "all right," were not indictable.

This subject has been as thoroughly investigated by this Court, as will appear by the frequent decisions bearing thereon, as any criminal matter that has been before it, and the law is entirely well settled. That which has been recognized as the leading case, and has been cited in nearly every opinion since delivered, is *State* v. *Phifer*, 65 N. C., 321, where Mr. Justice READE in a remarkably lucid opinion exhausts the subject. In this opinion he approves the conclusion of Chief Justice HENDERSON in *State* v. *Simpson*, 3 Hawks, 620, although he dissents from the reason upon which it was held that the bill in that case did not charge an indictable offence. It charged that defendant (A.) unlawfully, etc., did falsely pretend to one M. W. Piner that said A. wished to see a certain judgment which he, the said M., had obtained against him, the said A., before a Justice of the Peace, etc., and that he, the said A., wished to see said judgment for the purpose of ascertaining the amount due thereon and for the purpose of paying the same, etc. It was held by Judge HENDERSON that the Act of 1811 concerning the use of false tokens or pretenses requires that the cheat should be accomplished by means of some *token* or false *contrivance* calculated to impose upon the credulity of ordinary men: a mere lie was not in the contemplation of the Legislature. Justice READE in discussing this case reaches the conclusion that the offence was not indictable, because it was more in the nature of a false promise than

a false representation of a fact.   The case last cited is very much like that which is before us—the representation of defendant being that the medicine was too strong for further use and the inference being that it was his intention to temper or weaken it.   And in this view we might well hold that the judgment ought to have been arrested.   But the stronger ground is that in no case in North Carolina, or anywhere else that we have been able to find, has it ever been held that a false expression of opinion alone is indictable.   The only question left, then, is whether the representation alleged to have been falsely made by defendant was a mere opinion or a statement of a fact.   It seems to us that it can only be construed to be the expression by defendant of his judgment of the effect of the medicine upon the sore for the healing of which it had been applied. Too strong for what?   For the sore it was intended to heal. This was a matter of professional judgment and necessarily an opinion.   It was impossible to be stated as an abstract fact.   And it would be too harsh a rule to hold the physician or the lawyer to criminal account for a statement upon a professional question when it turned out that his judgment was at fault, and by reason thereof his patient or his client had been injured.   Especially so when it has been so often held that such expressions by non-professional persons as to conditions and qualities of goods or animals are only their opinions, and not indictable.

It will not be necessary to review the many cases in this Court where the principle has been applied to differing circumstances, but where, in every instance in which the indictment was upheld, there was a false representation of a subsisting fact.   Leaving the other exceptions upon the motion for a new trial, we hold there was error.

Judgment Arrested.