H. S. WALKER, *Plaintiff in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed November 17, 1914.

FALSE PRETENSES—REPRESENTATIONS IN REFERENCE TO NUMBER OF ACRES IN TRACT OF LAND SOLD.

1. Where the defendant obtains from the prosecutor an automobile in exchange for $150 in cash and a deed to a lot of land that he represented to contain ten acres, after having shown the land to the prosecutor and pointed out to him its true boundaries, and the prosecutor about six months after

receiving his deed, has the land surveyed and then discovers that it contains only five acres, and there is no evidence of any effort or intention on the defendant's part to wilfully deceive the prosecutor or to defraud him in the transaction, except the bare expression of his opinion that there was ten acres in the tract, or that there were five acres cleared and five acres in woodland, which assertion, if it was false, must have been perfectly apparent to the prosecutor when he had the boundaries truly pointed out to him, and walked all over it with the defendant, this does not constitute such a false pretense for which the defendant can in law be held criminally liable.

2.  It is well settled that an expression of a false opinion or judgment is not within the statute.

3.  Where the pretense relied upon to support the crime is absurd or irrational, or such as the party injured had at hand at the very time the means of detecting, it does not constitute a criminal offense.

Writ of error to Criminal Court of Record for Volusia County; T. P. Warlow, Judge.

Reversed and defendant discharged without day.

*Stewart & Stewart* and *J. E. Alexander,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

TAYLOR, J.—The plaintiff in error, hereinafter referred to as the defendant, was by information charged with the crime of obtaining an automobile of the alleged value of $600.00, by false pretenses, in the Criminal Court of Record of Volusia County, and was tried, convicted and sen-

tenced for said offense, and seeks a review of such judgment by writ of error.

Thirty-nine errors are assigned, but from the conclusions we have reached upon the facts and law of the case, we will discuss but one of them, since that one disposes of the entire case, and that is the denial of the defendant's motion for new trial, made upon the ground that the verdict is contrary to law and the evidence in the case. A brief summary of the evidence for the State in support of the charge, makes out the following case: The prosecutor who is alleged to have been imposed upon by the alleged false pretense, himself sought the defendant saying to him that he had an automobile that he valued at $600 that he desired to dispose of. The defendant then told him that he had a ten acre lot of hammock land out in the country that he would give him together with $100 in cash in exchange for the automobile. Thereupon the prosecuting witness went out with the defendant and walked all over the lot of land, the defendant pointing out to him the boundaries, and again saying that there were five acres cleared and five acres in woodland, there being a fence around three sides of it. After inspecting the land the defendant and the prosecutor went back to town and on the following Monday morning the prosecutor again approached the defendant and told him he would exchange his automobile for the land they had inspected the previous Saturday, and $150.00. The defendant accepted this proposition and executed with his wife a warranty deed to the lot in question, stating in said deed that it contained ten acres more or less, and paid the $150.00 in money, upon which the prosecutor delivered the automobile. The deed by which the defendant acquired his title to the land in question also asserted that it contained ten acres, though there was some proof that the defend-

ant knew that in reality it contained only five acres.   The prosecutor some six months after his trade with the defendant had the land surveyed by a surveyor and then discovered that there were only five acres instead of ten, and he testified that if he had known there were only five acres he would not have parted with his automobile, but that he relied on the assertion of the defendant that there were ten acres in the tract.   The prosecutor also testified that he was a stock raiser and farmer and was fairly familiar with land, land values, acreage, etc.   The foregoing facts fairly state the case as made by the proofs on the part of the State.   It will be observed that there was no assertion by the defendant that he had ever had the land surveyed, or that he positively knew that it contained fully ten acres.   There was no hurrying of the prosecutor into the trade.   No effort on defendant's part to deter him from examination of the public maps and records as to the quantity of land contained in the lot; but on the contrary he goes out with the prosecutor to the land, points out to him its true boundaries, and they walked all over it together.   There was no hint in the record of any effort or intention on the part of the defendant to wilfully deceive the prosecutor or to defraud him in the transaction between them, except the bare expression of his opinion that there was ten acres in the tract, or that there were five acres cleared and five acres in woodland, which assertion, if it was false, must have been perfectly apparent to the prosecutor when he had the boundaries pointed out to him and walked all over it with the defendant, especially is this true in the prosecutor's case since he testified that he was fairly familiar with the acreage of lands.   It is well settled that an expression of a false opinion or judgment is not within the statute.   19 Cyc. 398; Gordon v. Parmelee, 2 Allen (Mass.)

212; State v. Webb, 26 Iowa 262. In the case of Mooney v. Miller, 102 Mass. 217, it is held that "If the representations relate to the quality and productiveness of the soil, or the number of acres within boundaries which are pointed out, they are not actionable, for they are to be regarded as the usual and ordinary means adopted by sellers to obtain a high price, and are always understood as affording to buyers no ground for omitting to make inquiries." Bishop v. Small, 63 Maine 12; State v. Young, 76 N. C. 258. In the case of State v. Cameron, 117 Mo. 641, 23 S. W. Rep. 767, it is held that: "Where the pretense relied on to support the crime is absurd or irrational or such as the party injured had at hand at the very time the means of detecting it does not constitute a criminal offense." Buckalew v. State, 11 Tex. App. 352; State v. Paul, 69 Me. 215; Commonwealth v. Norton, 11 Allen (Mass.) 266. Under the facts in proof in this case we do not think that the defendant has been shown to be guilty of any criminal offense, and inasmuch as another trial could result in law only in an acquittal of the defendant, and in useless costs to the county, the judgment of the court below in said case is hereby reversed at the cost of Volusia county, and the plaintiff in error is ordered to be discharged without day.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHITFIELD, J. J., concur.