### Commonwealth of Pennsylvania v. Johnson, Appellant.

Argued October 19, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*W. H. Coleman,* for appellant.

*James A. Geltz,* Assistant District Attorney, and

with him *Andrew T. Park,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., December 16, 1931:

Defendant, a regularly licensed practicing physician, was indicted, found guilty, and sentenced for attempting to obtain money under false pretenses. His motions in arrest of judgment and for a new trial were refused. The indictment charged that he "devising and intending to cheat and defraud David Drexler of his goods, moneys, chattels and property, unlawfully did falsely and designedly pretend to him, the said David Drexler, that certain instruments and things in the office of him, the said J. E. Johnson, was radio equipment designed and intended and capable of being used to diagnose diseases, and to treat diseases, and that he, the said J. E. Johnson, was then and there able by use of said instruments and things aforesaid to diagnose and to treat and to cure persons who were suffering from various diseases by the use of radio and to transmit treatment by radio activity, and that he, the said J. E. Johnson, was then and there able to diagnose the condition of one Catherine Evans, then and there supposed to be a sister of the said David Drexler, and to tell from what disease and diseases the said Catherine Evans was then and there suffering and that he had then and there examined the said Catherine Evans by radio and had diagnosed her condition, and that the said Catherine Evans was then and there suffering from cancer in an advanced stage" ...... and other diseases "and that he, the said J. E. Johnson, then and there was able to treat the said Catherine Evans by radio, and that he would be then and there able to give her great relief whereas in truth and in fact the said instruments and things in the office of him, the said J. E. Johnson, were not radio equipment, designed and intended and capable

of being used to diagnose diseases and to treat diseases and he, the said J. E. Johnson, was not then and there able by the use of said instruments and things to diagnose and to treat and to cure persons who were suffering from diseases by the use of radio, and was not able to transmit treatment by radio activity, and he, the said J. E. Johnson, was not then and there able to diagnose the condition of the sister of the said David Drexler, by the name of Catherine Evans, and was not able to tell from what disease and diseases the said Catherine Evans was then and there suffering, and he, the said J. E. Johnson, had not then and there examined the said Catherine Evans by radio and had not diagnosed her condition and the said Catherine Evans was not then and there suffering from cancer in advanced stage ....... as he, the said J. E. Johnson, then and there well knew, and whereas in truth and in fact David Drexler was then and there a county detective of the County of Allegheny and had no sister by the name of Catherine Evans, by color and means of which said false pretense and pretenses the said J. E. Johnson did then and there attempt to unlawfully and fraudulently obtain from the said David Drexler the sum of sixty-five dollars, lawful money of the Government of the United States, of the moneys, goods, property and chattels of the said David Drexler ...... with intent that the said representation and representations should be relied upon and did attempt to persuade the said David Drexler to turn over and deliver to him, the said J. E. Johnson, the said sum of sixty-five dollars, lawful money as aforesaid, but the said J. E. Johnson did then and there fail in the perpetration of said offense,'' etc.

In view of the conclusion which we have reached, it is unnecessary for us to consider and discuss any of the questions raised on behalf of appellant, except

whether or not the indictment charges an indictable offense.

The indictment undertakes to charge defendant with having attempted to commit the crime described in the 111th Section of our Criminal Code of March 31, 1860, P. L. 382, which provides that "if any person shall by any false pretense ...... obtain from any other person any chattel, money or valuable security with intent to cheat and defraud any person of the same, ...... he shall be guilty of a misdemeanor." In order to bring a case within the statute, the following things are requisite: (1) a false pretense; (2) an obtaining of property by it; (3) and an intent to defraud: Com. v. Schmunk, 22 Pa. Superior Ct. 348. It is well settled that "a false pretense, to be within the statute, must be the assertion of an existing fact, not a promise to perform some act in the future": Com. v. Mauk, 79 Pa. Superior Ct. 153; and that the false pretense must be such as is calculated to deceive and impose upon a man exercising common caution and prudence: Com. v. Hutchinson, 2 Pars. 309; Com. v. Hickey, ibid. 317. In the Hutchinson case that able jurist, President Judge King of Philadelphia County, in discussing the scope of the words "any false pretense" in the 21st Section of the Act of July 12, 1842, P. L. 339, which became the 111th Section of our Crimes Act, said: "When the pretense is absurb or irrational ...... it is not within the act ........ The false pretenses within the contemplation of the statute are such as assert the existence of some fact calculated to impose upon a man of common and ordinary caution, which false pretense creates the credit given to the accused."

Testing this indictment by this rule can it be sustained? The false pretenses averred are that defendant represented to the prosecutor that by the use of certain radio instruments he was able to diagnose and treat and cure persons suffering from various dis-

eases and transmit treatment by radio activity; that he had diagnosed the condition of the prosecutor's sister in that way and found her to be suffering from cancer and other serious diseases; and that he was able to treat her by radio and thereby give her relief. In our opinion it is gravely doubtful whether these are representations of existing facts rather than expressions of opinion and promises of future conduct. Apparently the question whether a false pretense of having power or ability to do an act is within the statute, has not been decided by our Supreme Court or this court. A similar question was before the quarter sessions court of Lancaster County in Com. v. Howard, 24 Dist. Reps. 1075, in which Judge HASSLER sustained the indictment on the ground that the statement attributed to defendant that the prosecutor's wife had cancer of the stomach and that he could cure it with his radio treatment, was not an opinion nor a promise, but a statement of fact. There is respectable authority for this conclusion (See 25 C. J. 595, 596, and cases there cited), although there are decisions to the contrary (See State v. Daniel, 19 S. E. 100). Assuming for present purposes, but not deciding, that the representations charged to have been made by this defendant were assertions of existing facts, the question arises whether these pretenses were such as would be calculated to impose upon the prosecutor, if he were a person of ordinary caution or were so absurd and irrational that the prosecutor would not credit them. In view of the facts that the prosecutor knew that the sister of whom he spoke to defendant was a non-existing person, and that the indictment avers that she was such a person, we can come to no other conclusion than that the representations were so absurd and incredible that no sensible person, standing in the prosecutor's shoes, would have been deceived by them. In our view, if defendant had

obtained money from the prosecutor under the state of facts averred in the indictment, a conviction of the substantive offense described in the 111th Section of our Criminal Code would not be sustained. For these reasons the indictment cannot be supported. The court below erred in overruling defendant's motion in arrest of judgment.

The judgment is arrested and defendant is discharged.