STATE v. JOHN W. ALPHIN.

*False Pretence—Evidence—Judge's Charge.*

The defendant was charged with obtaining goods by falsely representing that he owned a certain cow which he mortgaged to the prosecutor to obtain credit, and afterwards refused to surrender the same, alleging it to be the property of his wife. It was in evidence that she sold the cow to a witness (but retained possession) who told her she might keep it by repaying the price; and said witness in a subsequent transaction with the defendant husband received payment for the cow out of his own funds, and surrendered an unregistered bill of sale which was destroyed by defendant who thereafter exercised control over the property. Thereupon the court charged the jury that the mortgage conveyed the legal title in the property to the prosecutor who had the right to call for possession before the same was due, and that the transaction

---

STATE *v.* ALPHIN.

---

between the witness and defendant had the effect of putting the title
back with the wife, and that defendant acquired no title thereby and
the jury rendered a verdict of guilty; *Held* that the charge was not
warranted by the evidence, and the defendant is entitled to a new trial.

(*Adams* v. *Reeves,* 68 N. C., 134; *Isley* v. *Stewart,* 4 Dev. & Bat., 160;
*Young* v. *Jeffries, Ib.,* 216, cited and approved.)

INDICTMENT for false pretence tried at Fall Term, 1878, of
WAYNE Superior Court, before *McKoy, J.*

Verdict of guilty, judgment, appeal by defendant.

*Attorney General,* for the State.
*Mr. H. R. Kornegay,* for defendant.

SMITH, C. J.   The defendant is charged with obtaining
the goods of one H. T. Ham, upon the false pretence and
fraudulent representation of his ownership of a cow and a
calf, then conveyed by mortgage to secure the price thereof.
The defendant, after expiration of the credit, refused on de-
mand, to surrender the property to the mortgagee, alleging
that the cow and calf belonged to his wife, and not to him-
self.   Several exceptions were taken during the trial, to the
admission of declarations of the defendant, which we do not
deem it necessary to notice, nor the objection made to the
permission given to the solicitor to introduce other testi-
mony, not strictly in rebuttal of that offered by the defend-
ant.   The evidence does not seem obnoxious to any just ob-
jection, and the admission of other evidence, was clearly
within the discretion of the presiding judge, according to
the well established practice.

It was in proof on the trial, that the wife of the defendant
owned several cows, and among them, the one described in the
mortgage, which, in March, 1872, she sold and conveyed to
one Kornegay, and they were allowed to remain in her pos-
session and care, for their use, until the 1st day of Septem-
ber following, the said Kornegay telling her, she could keep

them if she desired, by repaying him the purchase money, with interest from that date. Nothing further transpired between them on the subject.

Kornegay was introduced as a witness for the defendant, and testified, that in the month of November following, the defendant, who had then become the husband of the former owner, came to witness; and sold him turpentine, remarking, that he would take the cows, if the witness would allow him to do so; that witness assented thereto, received payment, and surrendered the unregistered bill of sale, which defendant tore in pieces.

A son of the defendant's wife, on behalf of his step-father, testified, that the cattle were paid for, out of the defendant's own funds, the fruit of his labor, and that he had possession and control of them, since 1872, and had sold one, and killed others for beef, treating the stock as his own, and without complaint, as far as appears, from his wife. The other evidence, it is needless to recite.

The court charged the jury, " that as Ham had the legal title, he had a right to call for the possession of the property before the mortgage was due; that the transaction between Kornegay and the defendant, as detailed by his witness, had the effect in law, of putting the title of the cattle back with defendant's wife, and that he acquired no title by the transaction."

It is further stated that the charge in full was given " upon the law to which there was no exception, save as above." From this we understand an exception to have been made to so much of the instruction as is set out, and to present the exception as it is set out.

We are of opinion that the evidence did not warrant the judge in ascribing to the transaction in which the stock was re-sold by Kornegay, the legal effect of re-vesting the property in the wife. As the funds used in the purchase belonged to the defendant, exclusive of any interest in the

wife, and he did not profess to be acting in her behalf, nor have any authority from her, a reasonable inference might be drawn from the facts, if such was not, unexplained, their logical force, that the defendant bought for himself. The destruction of the bill of sale would be but evidence bearing upon the question, whether he was acting in the matter for himself or as an agent of his wife. At least the evidence should have been left to the jury, under proper directions, to guide them in determining the contract, and to whom it was intended to convey the title. Where the provisions of a contract are ascertained, its effect is a question of law, to be declared by the court.

"Although, generally, the meaning of words in a contract, whether written or oral," says RODMAN, J., delivering the opinion in *Adams* v. *Reeves*, 68 N. C., 134, is for the court; yet, where the proof of words is not clear, and their meaning is uncertain, and may be affected by the attending circumstances, it must necessarily be left to the jury to find it." To the same effect are *Isley* v. *Stewart*, 4 Dev. & Bat., 160. *Young* v. *Jeffries, Ibid.*, 216.

If the cattle belong to the defendant there was no false pretense, and if they do not, and yet the defendant believed them to be his, there would be no criminal intent. The subsequent declarations of the defendant that the cow was his wife's property, and his refusal to surrender, have no retroactive force in making an act criminal, which was not so before, and were circumstances tending to show the *scienter* merely, proper for the consideration of the jury, if the cattle were not in fact his own. We think the case has not been fairly left to the jury, and in assuming to decide the question of title upon the vague evidence offered, the judge committed an error, which entitles the defendant to a new trial, and it is so adjudged.

Error.                                        *Venire de novo.*