## THE STATE v. JOHN S. DIXON.

### *Indictment—False Pretence.*

An indictment charged that the defendant, " designing and intending to cheat and defraud C., did unlawfully, knowingly and designedly falsely pretend that U. did send him (the defendant) to C. after the sum of five dollars in money, whereas in truth and in fact the said U. did not send him * ÷ * after the said sum of five dollars in money; by means of which false pretence he (the defendant) knowingly and designedly did unlawfully and with intent to defraud obtain from C." five dollars, &c.: *Held*, that the offence of obtaining property by false pretence was sufficiently averred.

The statute (*The Code*, §1025) commented on by MERRIMON, J.

INDICTMENT for false pretence, tried before *Shepherd, J.*, at Spring Term, 1888, of ONSLOW Superior Court.

The indictment charges that the defendant, " designing and intending to cheat and defraud George Canaday, on the 15th day of August, A. D. 1887, at and in the county aforesaid, unlawfully, knowingly and designedly did, unto George Canaday, falsely pretend that one U. G. Canaday did send him, the said John S. Dixon, to him, the said George Canaday, after the sum of five dollars in money, whereas in truth and in fact the said U. G. Canaday did not send him, the said John S. Dixon, to him, the said George Canaday, after the sum of five dollars in money; by means of which said false pretence he, the said John S. Dixon, knowingly and designedly, did then and there unlawfully and with intent to defraud, obtain from said George Canaday the following goods and things of value, the property of U. G. Canaday, to-wit, five dollars in money, against," &c.

There was a verdict of guilty. Thereupon the defendant moved in arrest of judgment, and assigned as ground of his motion that the indictment charges no criminal offence. The Court disallowed the motion and gave judgment against the defendant, and he, having excepted, appealed to this Court.

*The Attorney General,* for the State.
No counsel for the defendant.

MERRIMON, J. (after stating the case.) The motion was properly disallowed. The indictment substantially and sufficiently, though not with as much fullness as is desirable, charges the defendant with having committed the statutory offence of knowingly and designedly obtaining money by false pretence with intent to cheat or defraud, &c.

The statute (*The Code,* § 1025) prescribing and defining that offence is very broad and comprehensive in its terms and purpose. It provides that "if any person shall knowingly and designedly, by means of any forged or counterfeited paper, in writing or in print, or by any false token, *or other false pretence whatsoever,* obtain from any person or corporation within the State any money, goods, property, or other thing of value, or any bank note, check or order for the payment of money, &c., * * * * * with intent to cheat or defraud any person or corporation of the same, such person shall be guilty of a misdemeanor for fraud and deceit," &c. And it is sufficient to charge in the indictment " that the party accused did the act with intent to defraud, without alleging an intent to defraud any particular person, and without alleging any ownership of the chattel, money, or valuable security," &c.

It will be observed that the statute designates certain kinds or classes of means whereby the offence may be perpetrated, and adds, " or other false pretence whatsoever." By " false pretence " is meant false statements or representations, however made, with intent to defraud, for the purpose of obtaining money or property. If one falsely and with fraudulent design represents to another that something material—something already said or done—is true, when the same is not true, and it is calculated to mislead, and does mislead, and induce such party to part with his chattels, money or

the like, surely, such false and fraudulent representations, though wholly verbal, come within the scope of the comprehensive words, " or other false pretence whatsoever," and as well within the purpose and spirit of the statute. Fraud and injury may as certainly be accomplished by false statements as to what has been said and done by others, prompting the party defrauded to part with his property, as " by means of any forged or counterfeited paper, in writing or in print, or by any false token." Falsehoods simply expressed in words as to persons and what they have said or done, or desire, or as to existing conditions of persons or things, when material, and uttered with fraudulent design, constitute a fruitful means of false pretence. The words of the statute recited, " *or other false pretence whatsoever*," taken in connection with the words and phraseology which next precede them, cannot be said to imply only *like means* of cheating, because the word *like* or some like word is not used, and the preceding words specially designate particular kinds of means employed to cheat and defraud, while the comprehensive words " or other *false pretence* whatsoever," are intended to enlarge the kinds of means that might be so employed, and make it criminal to cheat by *any means* that might be denominated a false pretence.

The language of the statute is broad enough to comprehend cheating by means of *false words* expressed as indicated above, and there is nothing in the nature of their application that gives them a restricted meaning.

The mischief to be remedied suggests the broad meaning we give them. Why should cheating by mere falsehoods, as indicated, be omitted from the statute ?

The language embraces cheating by such means, and the evil to be remedied goes to show that the statute intended to embrace the same. Hence the Court said in *State* v. *Phifer*, 65 N. C., 321: " We state the rule to be that a false representation of a subsisting fact, calculated to deceive, and

which does deceive, and is intended to deceive, whether the representation be in writing or in words, or in acts, by which one man obtains value from another, without compensation, is a false pretense, indictable under our statute." *State* v. *King*, 74 N. C., 177; *State* v. *Hefner*, 84 N. C., 751; *State* v. *Matthews*, 91 N. C., 635; *State* v. *Sherrill*, 95 N. C., 663.

In this case the indictment charges, with sufficient aptness, that the defendant designedly and fraudulently obtained the money by falsely stating to the prosecutor that another person had sent him "after"—that is—to get five dollars in money. In the nature of the matter such false representation was calculated to deceive the prosecutor; it might, not unreasonably, in the course of business do so; it is charged that it did so. The statute makes it indictable to cheat by such false pretense.

There is no error.                    Affirmed.