## STATE v. JOHN MANGUM.

*Indictment for False Pretence, Sufficiency of— What is False Pretence — Misrepresentation of a Subsisting Fact.*

1. To constitute the indictable offence of obtaining goods, &c., under false pretence, there must be a false representation of a *subsisting fact* intending to cheat and which does cheat.

2. A bill of indictment which charges that defendant in swapping horses stated that his horse was sound, knowing that he was not sound, and that the prosecutor was induced thereby to trade, is sufficient, since it charges that defendant misrepresented a subsisting fact calculated to cheat and which the State says did cheat, &c.

The defendant was indicted and tried at September Term, 1894, of WAKE Superior Court, before *Bynum, J.*

There were two bills of indictment found at September Term, 1894, to-wit:

I. The jurors of the State, upon their oaths, present: That John Mangum, late of the county of Wake, wickedly devising and intending to cheat and defraud, on the 1st day of Febrary, A. D. 1894, with force and arms at and in the county aforesaid, unlawfully, knowingly, designedly and feloniously did unto one S. H. Perry falsely pretend that a certain horse was sound in every respect and only about nine years old and that he had had the horse for about four years.

Whereas, in truth and fact the said horse was not sound and was about fifteen years of age and the said John Mangum had not had the horse for four years. By means of which false pretence he the said John Mangum knowingly and designedly did then and there unlawfully, wilfully and feloniously obtain from the said S. H. Perry the following goods and things of value, the property of the said S. H. Perry, to-wit: one mule and seven dollars in money, with intent then and there to defraud, against the form of the statute in such case made and provided and against the peace and dignity of the State.

II. The jurors for the State upon their oaths present: That John Mangum, late of the county of Wake, wickedly devising and intending to cheat and defraud, on the 1st day of February, A. D., 1894, with force and arms at and in the county aforesaid, unlawfully, knowingly, designedly and feloniously did unto one S. H. Perry falsely pretend and represent that a certain horse which the said John Mangum was then and there offering to trade to the said S. H. Perry was both sound and gentle; that a woman could manage the said horse; that the said horse was able to work well; that the said John Mangum had owned the horse for four years; that the said horse would be nine years old in

---

STATE *v.* MANGUM.

---

the Spring of 1894, and he the said John Mangum had paid $175.00 in cash for the said horse.

Whereas, in truth and fact the said horse was not sound or gentle, a woman could not manage the said horse, and the said horse was neither able nor did work well, the said John Mangum had not owned the said horse for four years, the said horse in the Spring of 1894 was very much older than nine years of age, to-wit: about fifteen years of age, and the said John Mangum had not paid $175 in cash for the said horse, all of which was well known to the said defendant at the time aforesaid. By means of which said false pretence he, the said John Mangum, knowingly and designedly did then and there unlawfully and feloniously obtain from the said S. H. Perry the following things and goods of value, the property of the said S. H. Perry, to-wit: one mule of the value of fifty dollars, and seven dollars in money, with intent then and there to defraud, against the form of the statute in such case made and provided, and against the peace and dignity of the State.

The defendant moved to quash. The motion was allowed, and the State appealed.

*The Attorney General*, for the State (appellant).
*Mr. T. M. Argo*, for defendant.

FURCHES, J.: The defendant is indicted for a false pretence, in trading a horse to the prosecutor Perry. The defendant moved to quash for the reason that the bill did not charge a criminal offence, which motion was allowed by the Court, the bill quashed, and the State appealed.

There are two bills of indictment, which the Court treats as one bill with two counts. *State v Watts*, 82 N. C., 656, and *State* v. *McNeill*, 93 N. C., 552. So, if either bill is sufficient, the motion should have been refused.

Then the second bill, though not very well drawn, charges that the defendant "unlawfully, knowingly, designedly and feloniously did unto one S. H. Perry falsely pretend and represent that a certain horse which the said John Mangum was then and there offering to trade to the said S. H. Perry, was sound and gentle; that a woman could manage the said horse ; that the said horse was able to work well." There are other averments in this count, but we think the case turns upon those quoted above.

The principles governing an indictment in this State for false pretences is clearly stated by Justice READE in delivering the opinion of this Court in the case of *State* v. *Phifer*, 65 N. C., 321, which has been regarded as the leading case on this subject from that time until now.

It is held in that case, to constitute this offence "there must be a false representation as to a *subsisting fact* intending to cheat and which does cheat." And if we have what is apparently conflicting opinions on this subject, since the case of *State* v. *Phifer*, it is not because the principle of the law governing such cases was not settled and understood by the Court, but for the reason that there has been some trouble, at times, in applying the rule. For instance, in the case of *State* v. *Holmes*, 82 N. C., 607, almost identically the same language is used, as in this case, that the "horse was sound and healthy," and the Court in that case held that this did not charge a criminal offence. While in the case of *State* v. *Burke*, 108 N. C., 750, the language used was that the horse "was sound and worked well, and would not kick," and this was held to be sufficient. This case is sustained by *State* v. *Wilkerson*, 103 N. C., 337.

These two cases seem to be in conflict with each other, and, if they are, we should take the last case to be the correct exposition of the law, unless we felt called upon to overrule it, as being in conflict with established authority

STATE v. MANGUM.

and sound reasoning. But neither of these cases, nor any other case in our reports, doubts the rule of law as held in Phifer's case, *supra*. In fact it has been quoted and approved in nearly every case on this subject, from the time it was delivered down to the case of *State* v. *Daniel*, 114 N. C., 823, in which it is quoted in an able opinion by Justice MACRAE. So, we say, the trouble has been, not in not understanding the rule, but in its application. And we admit that the lines of demarcation between what is an indictable offence and what is not an indictable offence, are so close together that it is sometimes difficult to distinguish between them.

So then, leaving the case of *State* v. *Holmes*, *supra*, and the case of *State* v. *Burke*, *supra*, out of the case, and going back to the principle laid down in *State* v. *Phifer*, *supra*, we think that defendant's saying that the "horse was sound" knowing that he was *not* sound, was a falsehood as to a subsisting fact calculated to cheat and which the State says did cheat. And that the bill, therefore, charged the defendant with an indictable offence, and there was error in quashing the same.

Let this be certified that the case may be proceeded with according to law.

Error.