STATE v. J. M. MATTHEWS.

*Indictment for Obtaining Money under False Pretenses—Evidence, Sufficiency of*

1. If a person by his acts or conduct induces another to believe that a fact is really in existence, when it is not, and thereby obtains money or property, he comes within the scope of the Statutes against false pretenses.

2. Where, on the trial of an indictment for obtaining money under false pretenses, there was evidence that the defendant obtained money from the deceased husband of the witness to get an Electropoise which defendant, claiming to be an agent therefor, had agreed to sell to the husband, and which defendant claimed to be in the Express office, when there was, in fact, no Electropoise in such office, and that the defendant kept the money so obtained: *Held*, that the evidence was sufficient to be submitted to the jury.

INDICTMENT for obtaining money under false pretenses, tried before *Coble, J.,* and a jury at March Term, 1897, of MOORE Superior Court. The defendant was convicted and appealed. The facts appear in the opinion.

*Mr. Zeb V. Walser, Attorney General,* for the State.
*Mr. W. E. Murchison,* for defendant (appellant).

CLARK, J.: This was an indictment for obtaining goods under false pretenses, *Code,* Section 1025, and the only exception is that the Judge refused to charge as prayed "that the evidence was not sufficient to sustain the charge." In the evidence sent up it appears, *inter alia,* that the principal witness for the State testified that "the defendant claimed to be an agent for the Electropoise; my husband promised and agreed to take one; the defendant came to my house on Monday evening and wanted to borrow horse and buggy to go to Jonesboro for it on Tuesday morning and said he would have to have $25 to get it out of the Express office.

.    .    .    When he came back he said it had not come
yet.    .    .    .    Defendant said he wanted $25 to get
the Electropoise out of the express office, that it was at Jones-
boro;. never got the Electropoise and never got any of the
money back." On cross examination she said "the defend-
ant came and said he must have $25 to get it out of the
express office at Jonesboro. He talked like it was in the
express office.    .    .    .    At the time he (her hus-
band) paid defendant $25, defendant said 'I must have $25
now, before I get it out of the express office.'" The evi-
dence was properly left to the jury in a very careful charge
by the Court, who explained to them that the State must
satisfy them beyond a reasonable doubt (1) That the de-
fendant represented to J. A. Moore, as charged in the indict-
ment that there was an Electropoise in the express office at.
Jonesboro, (2) That the $25, if obtained, was obtained on
that representation, (3) That the representation was false·
and (4) was made with intent to defraud, and (5) thereby
said Moore was defrauded, *State* v. *Phifer*, 65 N. C., 321,
but that, if either of said ingredients was not proved, they
should find the defendant not guilty. The Court further in-
structed the jury that the false representations must have been
of the subsisting fact and that, if the defendant represented
that the Electropoise *would be* at Jonesboro, he could not be
convicted. *State* v. *Mangum*, 116 N. C., 998; *State* v. *Daniel*,
114 N. C., 823. "If the false pretense consists in words.
which are indefinite and uncertain, the jury is to determine
whether they were intended to and did convey a false im--
pression, the circumstances surrounding the transaction
being taken into account in determining that question." I
McClain Crim. Law, p. 676; *State* v. *Alphin*, 84 N. C., 745;
*State* v. *Call*, 48 N. H., 126. "If a person by his acts or
conduct induces another person to believe that a fact is
really in existence when it is not, and thereby obtains

money or property he comes within the scope of the Statutes against false pretences."   7 Am. & Eng. Enc., 751.

No error.