STATE v. R. P. ROBERTS.

(Filed 24 January, 1925.)

1. **Criminal Law—False Pretense—Evidence—Questions for Jury—Non-suit.**

Where there is evidence under a criminal indictment that the defendant knowingly and falsely misrepresented that he owned a certain tract of land of value by reason of its having on it a mill shoal, and. that he had included it within the description of certain tracts he had mortgaged to the prosecuting witness to secure a loan, and that acting thereon and induced thereby the prosecuting witness had loaned the money, and that the lands included in the mortgage were grossly inadequate to secure the loan resulting in a loss to the prosecuting witness, an illiterate man, who could not read and understand his deed, or know that the mill shoal tract had not been included in the description, it is sufficient to sustain a verdict of conviction. C. S., 4643.

2. **Same—Burden of Proof.**

Upon a criminal indictment for obtaining a thing for value by false pretense, the plea of not guilty places the burden of proof on the State to establish defendant's guilt beyond a reasonable doubt. C. S., 4277.

3. **Criminal Law—False Pretense—Collection of Debt—Appeal and Error.**

It appearing upon the trial of the criminal offense of obtaining goods under false pretense, that the jury have found the defendant guilty upon competent evidence: *Held*, the defendant's objection that the prosecuting witness was attempting to collect a debt by criminal process cannot be sustained on appeal.

APPEAL by defendant from *Ray, J.,* and a jury, at August Term, 1924, of CHEROKEE.

The substance of the contentions are as follows: The defendant, Roberts, represented to the prosecuting witness, A. M. Garrett, who could not read and write, that he owned two pieces of land situated in Beaver Dam Township, Cherokee County. Upon one of these tracts the defendant at the time of the treaty represented to Garrett that there was a mill shoal. The intent with which these representations were made to Garrett was to obtain from him a loan of $200, to be secured by a trust deed upon the two tracts, one of which had the mill shoal on it. The inducement to Garrett to lend the money was the enhanced value of the mill shoal tract by reason of its having this shoal upon it. Garrett did lend the money to the defendant in consequence of these representations, and defendant delivered to him a trust deed upon two tracts of land to secure payment of the $200 borrowed, but one of these tracts was not the one which he represented to Garrett he owned and upon which was the mill shoal. This mill shoal tract he did not own.

Garrett, being illiterate, did not discover that the defendant had worked this wrong upon him until about a year after the trust deed was delivered to him. The two tracts of land contained in the trust deed were of very small value, not sufficient to repay Garrett the money advanced. The defendant paid the amount down from $200 to $120. The tract of land which the defendant represented he owned and the mill shoal was on, belonged to some other person, and at the time the representation was made, he did not own the same. The defendant denied any false representation, but claimed that it was a simple transaction in which he borrowed $200 from the prosecuting witness upon the two tracts of land conveyed in the trust deed; that he made no representation of any sort in regard to the mill shoal being upon the place, and that he paid the amount down to $120, and would have paid the rest in the course of time—but the trust deed had run without this payment for nearly four years.

The prosecuting witness, A. M. Garrett, testified in part:

"I know the defendant, R. P. Roberts. I let him have $200. He was to make me a deed of trust against two pieces of land. He brought me a deed of trust purporting to be on these two tracts of land. I cannot read. He told me the tracts of land before he drew the deeds of trust. I know the tracts of land I was to get the deed of trust on. I delivered him $100 when he brought the deed of trust and $100 later. The deed of trust he delivered did not cover the tract of land he told me it did. I know part of the land this deed of trust is given on. There is two tracts in the deed of trust. I know the one he represented to be 40 acres. I know the tract on the deed of trust he delivered, the 40 acres, it is worth $10 or $15. It is on the side of a laurel mountain. I know where the other tract lies but I don't know the bounds of it. The second tract is just a small place, not an acre of it. He represented a mill shoal on the tract he was to give the deed of trust on.

"Q. Is there any mill shoal on the two tracts covered by this deed of trust? Answer: 'No, sir.'

"This was about four years ago this October. It was in this county. This is the deed of trust and note he delivered to me to secure the $200. I had it read over to me since."

There was a verdict of guilty. Defendant excepted to the judgment pronounced, assigned numerous errors and appealed to the Supreme Court.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Moody & Moody for defendant.*

CLARKSON, J.   The defendant moved for judgment of nonsuit at the close of the State's evidence and at the close of all the evidence.   C. S., 4643.   We think the motion was properly overruled.

In *S. v. Phifer*, 65 N. C., p. 325, *Reade, J.,* said: "We state the rule to be, that a false representation of a subsisting fact, calculated to deceive, and which does deceive, and is intended to deceive, whether the representation be in writing or in words, or in acts, by which one man obtains value from another, without compensation is a false pretense, indictable under our statute.   But this must not be understood to extend to the mere 'tricks of trade,' as they are familiarly called, by which a man puffs his wares and deceives no one—as, this is an excellent piece of cloth; or, this is the best horse in the world.   Against such craft, ordinary prudence is a sufficient safeguard; or if it be not, the injured party must be left to his civil remedy."   C. S., 4277.

To constitute the crime here charged of false pretense, a mistake, a pretense, a false pretense, a mere promise or opinion is not sufficient. It must be a (1) false representation of a subsisting fact, whether in writing or in words or in acts; (2) which is calculated to deceive and intended to deceive and (3) which does in fact deceive (4) by which one man obtains value from another without compensation.

Judged by this well-settled law, what are the facts? As an inducement to obtain the money, defendant represented that he owned two tracts of land and on one tract there was a "mill shoal." This "mill shoal" tract was well known to prosecutor and of considerable value, and defendant agreed to give a deed in trust on this tract and another. The deed in trust on the land defendant gave did not cover the "mill shoal," and he did not own the tract that the "mill shoal" was on. Prosecutor could not read and did not discover this for sometime after the transaction. The lie about the subsisting fact was defendant representing a mill shoal to be on the tract he gave the deed in trust on and he owned that tract; whereas, in fact, he did not own that tract and the deed in trust given did not cover the tract with a "mill shoal" on it. The land on which the deed in trust was given was a different tract and of little value. *S. v. Munday,* 78 N. C., p. 460; *S. v. Carlson,* 171 N. C., 818; *S. v. McFarland,* 180 N. C., 726.

The court below on the presumption of innocence and reasonable doubt, charged the jury: "The defendant, to this bill of indictment, pleads not guilty, and says that he is not guilty and swears that he is not guilty before you, and the law immediately, upon his plea of not guilty, raises a presumption of innocence in his favor, which presumption remains with him throughout the trial until the State has proven to you beyond a reasonable doubt, if it does so prove, that he be guilty. And the law, to be consistent, will not presume a man to be innocent

and then make him offer evidence that he is not guilty. The law casts the burden upon the State to satisfy you beyond a reasonable doubt of his guilt." The court further read C. S., 4277—obtaining property by false token and other false pretense, and charged them as follows: "Now that is the statutory definition, and this bill is drawn in accordance with this statute. But, before you can proceed to determine intelligently in this cause, you will have to have a definition of false pretense, which definition is defined to be in an indictment for obtaining goods by false pretense under the statute—now this must be a false representation of a subsisting fact, that is representing a fact existing which does not exist. It is a lie told and acted and operated upon the other party to his hurt, and which was in fact a misrepresentation, and which caused him to separate with things of value to his hurt. There must be a false representation of subsisting fact calculated to deceive the party to which it is made, and does deceive, whether it be in writing, words or acts, whereby the defendant obtains something for (of) value from the other without compensation. Now that could not be clearer, no matter how long I might dilate upon it and talk about it. A false representation of a subsisting fact, calculated to deceive, intended to deceive, and which does deceive, whether it be in writing, words or acts, whereby one man obtains value from another without compensation. Now you will keep that definition before you when you go to consider the guilt of this defendant."

The court below gave proper instruction as to the elements comprised in the offense of false pretense.

We do not think the facts here constitute a mere promise to be performed in the future, as in *S. v. Knott,* 124 N. C., p. 814, cited by defendant, but a false representation of a subsisting fact.

The defendant in his brief says: "It appears to us that the whole record contains a state of facts, plainly showing that the prosecuting witness had resorted to the criminal side of the docket in order to enforce the collection of a simple debt, and we feel that upon this record the defendant is entitled to a new trial and a fair charge by the court."

The criminal side of the docket should never be used for the collection of a debt. Taking the defendant's version, this may be true, the prosecutor with knowledge of the wrong waited a long time before bringing the criminal action, but, on the State's testimony, which was accepted by the jury, the charge of false pretense was sustained and the jury believed the State's evidence.

From a critical examination, we cannot find any error in the exceptions taken to the evidence or to the charge that we can hold for prejudicial or reversible error.

No error.