STATE v. J. W. POE.

(Filed 23 October, 1929.)

**False Pretense A b—False representations must be relied on to constitute crime of false pretense.**

In order to constitute the crime of false pretense it is required that the representations alleged to be false were relied upon, and under the evidence in this case it is held the action should have been dismissed.

Appeal by defendant from *Devin, J.*, at June Term, 1929, of Orange. Reversed.

*Attorney-General Brummitt and Assistant Attorney-General Nash* for the State.

*A. C. Ray* for defendant.

Per Curiam. The defendant was indicted for false pretense, the charge being that he had falsely pretended to Ernest Mann that T. N. Mann had said for Ernest Mann, his son, to accept the defendant's check in payment of a large quantity of lumber. T. N. Mann testified he had not made this statement. There was evidence for the State that when the defendant came to the place of business to get flooring, Ernest Mann went to see his father, who told him that the defendant would have to pay the cash or its equivalent for the lumber, and that upon his return he gave this information to the defendant, who then said that he had arranged with T. N. Mann to give him a note payable in thirty or sixty days. Ernest Mann testified: "I let him have the lumber upon his representations that the check would be paid when due, and but for these representations and the statement made to me that he had arranged with my father to take a note or check I would not have let him have it. I helped to load the lumber after I returned from seeing my father about it, and after Mr. Poe stated he had arranged with my father to take a check or note, payable in thirty or sixty days. I am sure that I saw my father last, and that Mr. Poe did not see him after I did."

One of the elements of a criminal prosecution for false pretense is reasonable reliance on the representation by the party to whom it is made. Ernest Mann was told by his father immediately before the alleged representation was made that credit should not be extended to the defendant, and if he saw fit to disregard this positive instruction it cannot be held for law that he reasonably relied upon the defendant's statement. He must have known that if his father had previously made this agreement with the defendant it was not effective in the face of the instruction to accept from the defendant nothing but the cash or its equivalent.

The action should have been dismissed. *S. v. Mayer,* 196 N. C., 454.

Reversed.