Criminal prosecution upon indictment for false pretense.
The bill, under which defendants are indicted, is as follows:
"The jurors for the State, upon their oath present, that J. P. Howley and Estella Howley, late of the County of Avery, wickedly and feloniously devising and intending to cheat and defraud Avery County Bank on the 21 day of February, A. D., 1930, with force and arms at and in the County aforesaid, unlawfully, knowingly, designedly and feloniously did unto the Avery County Bank falsely pretend that all the repair bills for materials and labor for repairing a certain theatre building in the town of Elk Park, N.C. had been paid in full and fully discharged, and upon such representations to the Avery County Bank, the said Bank loaned the defendants the sum of $900.00 and the defendants executed a mortgage to said Bank in the sum of $900.00, said mortgage was represented to be a first lien on said building and land. Whereas, in truth and in fact, the said repair bills for materials and labor for the repairing said theatre building in the town of Elk Park, N.C. had not been paid in full and fully discharged at the time of obtaining said loan in the sum of $900.00, and the execution of said mortgage to Avery County Bank in the sum of $900.00 and at the time of obtaining said loan and the execution of said mortgage there was due the sum of $806.55 to Rhea Penland, trading as Burnsville Constructing Company, and Baxter Johnson, trading as Johnson Electric Company. By means of which said false pretense they, the said J. P. Howley and Estella Howley, *Page 115 
knowingly, designedly and feloniously, did then and there unlawfully obtain from the said Avery County Bank the following goods and things of value, the property of Avery County Bank, to-wit: $900.00 in money with intent then and there to defraud against the statute in such case made and provided and against the peace and dignity of the State."
When the case was called for trial in Superior Court, defendants and each of them moved to quash the bill of indictment upon the ground that it does not state a crime. Motion denied. Exception.
Defendants thereupon pleaded not guilty.
The State offered evidence tending to show these facts: That prior to 21 February, 1939, defendants, J. P. Howley and wife, Estella Howley, who were "building a moving picture building" at Elk Park, North Carolina, approached E. C. Guy, president of Avery County Bank, at Newland, North Carolina, with reference to the bank making them a loan of $900, to be secured by mortgage on said building; that Guy told them that new construction was a type of loan that did not appeal to the bank, for that there was always more or less risk involved due to the fact that labor and material liens came ahead of mortgage; that upon Guy asking them where they had been buying material, they gave the name of someone in Johnson City; that they came back and said that they had paid all material and labor liens on everything that went into the building at Elk Park; that after the bank had had an appraisal of the property and had had the public records of Avery County examined and had obtained a certificate of an attorney upon such examination to the effect that "the said J. P. Howley and Estella Howley are seized of the said land and premises in fee and have a right to convey the same in fee simple; that the said mortgage constitutes a first and valid lien thereon," and after defendants had executed the mortgage referred to in the certificate, and in which the defendants covenanted "that they are seized of the said land and premises in fee and have a right to convey the same in fee simple," and "that the same are free and clear from all encumbrances," and had taken out fire insurance on the building, the Avery County Bank, on 21 February, 1939, loaned to defendants the sum of $900, and received from them as evidence thereof their joint note for that amount payable in installments and secured by said mortgage on said property.
The evidence for the State further tended to show: That at the time the loan was made defendants were indebted to Rhea Penland, building contractor, of Burnsville, North Carolina, in the sum of $745, as is stipulated in the record, and to Baxter Johnson, an electrical contractor of Spruce Pine, North Carolina, in the sum of $61.55 for material furnished and labor performed in the construction of said moving picture building at Elk Park, for which notice of liens were thereafter filed in *Page 116 
Superior Court against defendants on 28 April, 1939, and on 4 May, 1939, respectively — the lien relating to dates prior to 21 February, 1939; that on 28 June, 1939, said Rhea Penland instituted an action in Superior Court of Avery County to foreclose the lien of which notice was given as above stated, and "said proceeding was carried on regularly to its conclusion" and the property sold under execution, and conveyed by deed of the sheriff to B. B. Penland; and that no part of the said $900 loaned by said bank to defendants has been paid, and the whole of it is "still due and owing the bank."
On cross-examination the witness, E. C. Guy, testified that in making this loan, he took into consideration the appraisal and the attorney's certificate, both of which were obtained by the bank, but that "to the extent of the material and what they had bought" he had to and did rely upon what defendants had told him; and that if defendants had told him they owed unpaid labor and material bills, the bank would not have made the loan.
Upon the State resting its case, defendants and each of them moved for judgment as of nonsuit. Motions are denied. Exception. Defendants offered no evidence, and renewed their motions for judgment as of nonsuit at close of all the evidence. Motions are denied. Exception.
Verdict: Guilty.
Thereupon, defendants moved in arrest of judgment. Denied.
Judgment: That the defendant, J. P. Howley, be confined in the State's Prison at Raleigh, North Carolina, for not less than one year nor more than two years, to be assigned to hard labor as provided by law. Prayer for judgment as to defendant Estella Howley is continued for a period of two years on condition of her good behavior.
Defendants appeal to Supreme Court and assign error.
The assignments of error presented in the record on this appeal fail to reveal prejudicial error.
First: It is contended that the court erred in refusing to grant defendants' motion (a) to quash the bill of indictment, and (b) in arrest of judgment for that the bill fails to charge an offense.
The statute, C. S., 4277, under which defendants are indicted, deleting verbiage not significantly related to the case in hand, declares that "If any person shall knowingly and designedly by means of any . . . other false pretense whatsoever, obtain from any person or corporation within the State any money . . . with intent to cheat or defraud *Page 117 
any person or corporation of the same, such person shall be guilty of a felony . . ." It is further provided therein that it shall be sufficient in any indictment for obtaining or attempting to obtain any such property by false pretenses to allege that the party accused did the act with intent to defraud, without alleging an intent to defraud any particular person, and without alleging any ownership of the money.
In S. v. Phifer, 65 N.C. 321, speaking of this statute, which was then section 67 of chapter 34 of the Revised Code, Reade, J., said: "We state the rule to be that a false pretense of a subsisting fact calculated to deceive, and which does deceive, and is intended to deceive, whether the representation be in writing, or in words, or in acts, by which one man obtains value from another without compensation, is a false pretense, indictable under our statute."
The constituent elements of false pretense as defined by the statute, and expressed in the Phifer case, supra, have been repeated without variation in numerous decisions of this Court, among which are: S. v.Dixon, 101 N.C. 741, 7 S.E. 870; S. v. Mangum, 116 N.C. 998,21 S.E. 189; S. v. Matthews, 121 N.C. 604, 28 S.E. 469; S. v. Whedbee,152 N.C. 770, 67 S.E. 60; S. v. Claudius, 164 N.C. 521, 80 S.E. 261; S.v. Carlson, 171 N.C. 818, 89 S.E. 30; S. v. Roberts, 189 N.C. 93,126 S.E. 161.
In our criminal procedure it is provided by statute, C. S., 4623, that every criminal indictment is sufficient in form if it express the charge against the defendant in a plain, intelligible and explicit manner, and that the indictment shall not be quashed nor the judgment thereon stayed by reason of any informality or refinement, if in the bill sufficient matter appears to enable the court to proceed to judgment. This section, too, has been discussed and applied in numerous decisions of this Court, among which are: S. v. Moses, 13 N.C. 452; S. v. Gallimore, 24 N.C. 372; S. v.Whedbee, supra; S. v. Francis, 157 N.C. 612, 72 S.E. 1041; S. v.Ratliff, 170 N.C. 707, 86 S.E. 997; S. v. Carpenter, 173 N.C. 767,92 S.E. 373; S. v. Sauls, 190 N.C. 810, 130 S.E. 848; S. v. Ballangee,191 N.C. 700, 132 S.E. 795; S. v. Lea, 203 N.C. 13, 164 S.E. 737;S. v. Whitley, 208 N.C. 661, 182 S.E. 338; S. v. Anderson, 208 N.C. 771,182 S.E. 643; S. v. Dale, 218 N.C. 625, 12 S.E.2d 556.
Furthermore, the decisions of this Court are uniform in holding in substance that in an indictment for a statutory crime all the facts and circumstances essential to brink the case within the statutory definition of the offense must be specifically set forth. S. v. Ballangee, supra; S.v. Jackson, 218 N.C. 373, 11 S.E.2d 149, and cases cited therein.
The bill of indictment in the present case, when tested by these principles, appears to be sufficient to charge a violation of the statute, C. S., *Page 118 
4277, relating to false pretense. The form of the bill includes all of the elements of the offense specified in the statute. The facts and circumstances of the offense charged comprise all such elements and are set forth with sufficient particularity to meet the test prescribed by statute, C. S., 4623.
Second: The court charged the jury: "The State alleges that after those negotiations the bank obtained an appraiser and sent him to the premises and made an appraisal of the property. (There is no evidence before you, Gentlemen of the Jury, as to what that appraisal was and the argument of counsel to you that the value of the property was twice the value of the loan is totally beyond the testimony and the Court instructs you that it is your sworn duty to render your verdict upon the evidence and not upon argument of counsel for the State or defendant.)"
Defendants except to that portion in parentheses. It is contended that the charge has the effect of an expression of opinion by the court and of discrediting the argument of counsel to the prejudice of defendant. The instruction here borders dangerously close to that condemned in S. v. Lee,166 N.C. 250, 80 S.E. 977. Yet, we are of opinion that it is distinguishable. Compare S. v. Hardy, 189 N.C. 799, 128 S.E. 152, where the right of a person, put on trial upon a criminal charge, to be heard, and to have counsel in all matters necessary for his defense, and the right of counsel to argue to the jury the whole case, as well of law as of fact, is declared by this Court to be too fundamental for discussion. C. S., 203. However, it is the duty of the judge to interfere, when the remarks of counsel are not warranted by the evidence and are calculated to mislead or prejudice the jury. McLamb v. R. R., 122 N.C. 862, 29 S.E. 894. See, also, McIntosh N.C. P. P., page 621, where the author states that counsel may not "travel outside of the record" and inject into his argument facts of his own knowledge or other facts not included in the evidence.Perry v. R. R., 128 N.C. 471, 39 S.E. 27. When counsel does so, the court may interpose correction by checking the argument and restricting it within proper bounds, or he may correct it in his charge to the jury. See Annotations 86 A.L.R., 899, at page 901. On the other hand, while the conduct of a trial in the court below, including the argument of counsel, must be left largely to the control and discretion of the presiding judge, he, to be sure, as stated by Walker, J., in S. v. Tyson, 133 N.C. 692,45 S.E. 838, should be careful that nothing is said or done which would be calculated unduly to prejudice any party in the prosecution or defense of his case.
In the present case counsel states in his brief: "Before the jury I contended that the appraisal must have been sufficient to justify the loan, or the loan would not have been made; that in my opinion the appraisal was at least twice the amount of the loan." There is no evidence as to *Page 119 
the amount of the appraisal. Hence, the latter part of the statement of counsel transcends the bounds of permissible argument.
In the light of the applicable principles applied to the situation before him, we are unable to conclude that the trial judge abused the discretion vested in him.
Third: Defendants challenge the correctness of the charge of the court to the effect that in order to find defendants guilty, it is not necessary that the jury find beyond a reasonable doubt that Avery County Bank in making the loan to defendants relied exclusively upon their representations.
Reliance upon the representation by the party to whom it is made is one of the elements of a criminal prosecution for false pretense. S. v. Mayer,196 N.C. 454, 146 S.E. 64; S. v. Poe, 197 N.C. 601, 150 S.E. 25. Moreover, it is well settled in the law pertaining to fraud and deceit that a party is not entitled to relief on the ground of false representations where, instead of relying upon them, he relies on his own knowledge, or resorts to other means of knowledge. S. v. Mayer, supra, citing Patton v.Fibre Co., 194 N.C. 765, 140 S.E. 734. Yet, it is not always determinable merely from the fact that outside sources are consulted that there is no reliance on the representations. If under the circumstances the party be unable to learn the truth from his examination or investigation, or, without fault on his part, does not learn it and in fact relies on the representations, he is entitled to relief — all other ingredients being present.
"It is not necessary to the predication of fraud that a misrepresentation be the sole cause or inducement of the contract or transaction in question, and the only element relied upon by the representee contributing to the result, but it is enough that it may constitute a material inducement. Relief may be had under the rule where reliance was in part on one's own investigation." 23 Am. Jur., 946, Fraud and Deceit, sec. 145.
To like effect it is stated in 26 C. J., 1165, Fraud, sec. 76 1/2, that "it is sufficient if it (the representation) constituted one of several inducements and exerted a material influence," citing White Sewing MachineCo. v. Bullock, 161 N.C. 1, 76 S.E. 634; Farrar v. Churchill,135 U.S. 609, 10 So. 771, 34 L.Ed., 246.
In the Farrar case, supra, the Court, speaking of the representation, said: "It must be the very ground upon which the transaction took place, but it is not necessary that it should have been the sole cause, if it were proximate, immediate and material."
In the present case the evidence tends to show that though the bank had the property appraised and the public records of Avery County pertaining to the real estate to be conveyed as security examined, and *Page 120 
relied upon the information thus obtained, it had to, and did rely upon the representation of defendants that there were no unpaid labor and material bills — there being no notice of any on file in the public records. That this representation of defendants was material to the transaction and relied upon by the bank is testified to by its president. Furthermore, that such representation was material to the transaction is manifest from the statute, C. S., 2433, giving a lien upon real estate for labor performed and materials furnished in repair of buildings thereon, notice of which may be filed at any time within six months after the completion of the labor or final furnishing of the materials. C. S., 2470.
Fourth: Defendants further assign as error the refusal of the court to grant their motions aptly made for judgment as of nonsuit. However, in their brief filed in this Court no reason or argument is advanced and no authority is cited in support of this assignment. Hence, the exceptions in that respect are taken as abandoned by them. Rule 28, Rules of Practice in Supreme Court, 213 N.C. 807. See cases cited under the rule. If, however, the question were presented here, the evidence shown in the record is sufficient to take the case to the jury.
In the trial below we find
No error.