STATE OF NORTH CAROLINA v. LUTHER W. SIMPSON

No. 747SC1056

(Filed 19 March 1975)

1. Criminal Law § 143— hearing to revoke suspended sentence — applicable rules of evidence

At a hearing to revoke the suspension of a prison sentence for the alleged violation of a valid condition of suspension, the court is not bound by strict rules of evidence; rather, all that is required in such a hearing is that the evidence be such as reasonably to satisfy the judge in the exercise of his sound discretion that the defendant has wilfully violated without lawful excuse a valid condition upon which the sentence was suspended.

2. Criminal Law § 142— suspension of sentence — time period

Where the judgment does not specify the period of time that execution of the sentence is suspended upon conditions, execution of the sentence is suspended or stayed for the period of time that the court is empowered by G.S. 15-200 to suspend the sentence.

3. Criminal Law § 143— consent to suspended sentence — attack on validity of revocation of suspension

A defendant who expressly or impliedly consents to the suspension upon specified conditions of an otherwise valid sentence to imprisonment may not thereafter attack the validity of an order putting such sentence into effect, entered after due notice and hearing, except (1) on the ground that there is no evidence to support a finding of a breach of the conditions of suspension, or (2) on the ground that the condition which he has broken is invalid because it is unreasonable or is imposed for an unreasonable length of time.

4. Criminal Law § 142— conditions of suspended sentence — relation to crime — reasonableness — no violation of constitutional rights

Where defendant had been convicted of a violation of G.S. 14-100 on evidence showing that he obtained money from a homeowner under the false pretense that he was a painting contractor authorized by an insurance company to paint the exterior of the house, the condition of defendant's suspended sentence that his participation in the building or repair trade be limited to "employment with others" was clearly related to and grew out of the offense for which the defendant was convicted, was consistent with proper punishment for the crime, and the condition neither violated the defendant's constitutional rights nor was otherwise unreasonable.

5. Criminal Law § 143— violation of condition of suspended sentence — sufficiency of evidence

Evidence was sufficient to support a finding that defendant violated the condition of his probation that he not engage in the trade of building or repair contractor and limit himself to employment with others.

State v. Simpson

6. **False Pretense § 2— indictment — promise to repay money in future — false representation of employment — indictment not defective**
   An indictment charging defendant with false pretense under G.S. 14-100 was not fatally defective in that the alleged false pretense was a promise to repay money in the future, since the bill clearly charged that defendant falsely represented himself to be working for an insurance company which had authorized him to make an advertising offer.

APPEAL by defendant from *Cowper, Judge.* Order entered 15 July 1974 in Superior Court, WILSON County. Heard in the Court of Appeals 20 February 1975.

This is an appeal from an order activating a prison sentence imposed in a judgment entered on 15 February 1973 in the superior court wherein the defendant was charged with "unlawfully, wilfully, feloniously, knowingly, designedly and with the intent to cheat and defraud obtain $420.00 from Cad Harrell without making proper compensation or bona fide arrangements therefor. This property was obtained by means of a false pretense in that Bill Simpson claimed to be working for an insurance company in Morehead City and the Company was allowing him to take an advertising offer whereas he would paint the exterior of the home. Bill Simpson claimed he needed $420.00 to balance his books and that the money would be returned January 15, 1972, when in fact he did not represent an insurance company and was not authorized to make an advertising offer. The pretense made was calculated to deceive and did deceive against the form of the statute in such case made and provided and against the peace and dignity of the State."

The execution of the prison sentence was suspended upon certain conditions including the following: " . . . that he abstain from engaging in the trade of Building Contractor or Repairing Contractor and limit himself to employment with others . . . . "

On 4 June 1974, the defendant was served with a Notice and Bill of Particulars that the State would pray that the prison sentence be activated because the defendant had willfully violated the terms and conditions upon which the prison term was suspended in that the defendant had willfully engaged in the trade of Building Contractor or Repairing Contractor. After a hearing on the State's motion to activate the prison sentence, Judge Cowper made the following pertinent findings:

"THE COURT FINDS THAT the defendant wilfully and knowingly violated the terms of this suspended sentence

in that he represented himself as a painting contractor to Mrs. Fountain William Carroll and obtained checks totalling $640.00 from that person; that he did a limited amount of work and promised to repay the money and has never done so, this being in July, 1973.

THE COURT FURTHER FINDS as a fact that the defendant represented himself to Mrs. Maggie Wood as a painting contractor and solicited work and that he obtained from this person a total sum of $582.50, including a check for $210.00 given as security to be returned at the end of the job; that the work was never completed and the money was not returned.

THE COURT FURTHER FINDS that on June 28, 1973, Mr. Lennie Bunn was approached by the defendant at his residence regarding a painting contract and received $124.00 in cash to purchase paint with; that on August 24, 1973, Mr. Bunn paid the defendant by check $225.00; that no work has been done and no money has been repaid depite promises therefor."

Defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Charles J. Murray for the State.*

*Robert A. Farris for defendant appellant.*

HEDRICK, Judge.

Defendant's first three assignments of error relate to the admission and exclusion of certain testimony at the hearing on the State's motion to activate the prison sentence.

[1] At a hearing to revoke the suspension of a prison sentence for the alleged violation of a valid condition of suspension, the court is not bound by strict rules of evidence. All that is required in a hearing of this character is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended. *State v. Hewett,* 270 N.C. 348, 353, 154 S.E. 2d 476, 480 (1967). Suffice it to say, therefore, we have carefully examined each exception upon which these assignments of error are

State v. Simpson

based and conclude that the defendant has failed to show any prejudicial error. While some of the testimony challenged by these exceptions, in the strictest sense, may be considered hearsay, there is plenary competent evidence in the record to support all of the material findings of the trial court.

Next, defendant contends the suspended sentence was invalid because it was not suspended for a definite period of time. G.S. 15-200 in pertinent part provides:

"The period of probation or suspension of sentence shall not exceed a period of five years and shall be determined by the judge of the court and *may be continued or extended, terminated or suspended by the court at any time, within the above limit.*" (Emphasis ours.)

[2] Ordinarily, the suspension of a prison sentence upon conditions is valid for the period of time the court is empowered to suspend or stay the execution of the sentence. *State v. McBride,* 240 N.C. 619, 83 S.E. 2d 488 (1954). Thus, where the judgment does not specify the period of time that execution of the sentence is suspended upon conditions, we are of the opinion and so hold that execution of the sentence is suspended or stayed for the period of time that the court is empowered by G.S. 15-200 to suspend the sentence.

Defendant contends the court erred in revoking the suspension of the sentence for that the condition allegedly breached by the defendant was in violation of his constitutional right to work.

[3] A defendant who expressly or impliedly consents to the suspension upon specified conditions of an otherwise valid sentence to imprisonment may not thereafter attack the validity of an order putting such sentence into effect, entered after due notice and hearing, except (1) on the ground that there is no evidence to support a finding of a breach of the conditions of suspension, or (2) on the ground that the condition which he has broken is invalid because it is unreasonable or is imposed for an unreasonable length of time. Defendant's consent to the suspension of a prison sentence does not preclude him from contesting the reasonableness of the condition which he has broken when such breach is made the ground for putting the prison sentence into effect. A condition which is a violation of the defendant's constitutional right and, therefore, beyond the

power of the court to impose is *per se* unreasonable, *State v. Caudle,* 276 N.C. 550, 173 S.E. 2d 778 (1970).

The primary purpose of a suspended sentence is to further the reform of the defendant. *State v. Smith,* 233 N.C. 68, 62 S.E. 2d 495 (1950). A defendant must not be oppressed or unduly burdened by the suspension. *State v. Everitt,* 164 N.C. 399, 79 S.E. 274 (1913).

**[4]** In the instant case, defendant has been convicted of a violation of G.S. 14-100 on evidence showing that he obtained money from a homeowner under the false pretense that he was a painting contractor authorized by an insurance company to paint the exterior of the house. It is obvious from the condition upon which defendant's prison sentence was suspended and the nature of the crime involved that the trial judge considered as an important aspect of the defendant's rehabilitation that the defendant not find himself in a position wherein he would more than likely repeat this same offense. Without totally preventing the defendant from engaging in the building or repair trade, the trial judge merely limited defendant's participation in the trade to "employment with others". This condition was clearly directly related to and grew out of the offense for which the defendant was convicted, see *State v. Smith, supra,* and was consistent with proper punishment for the crime, see *State v. Doughtie,* 237 N.C. 368, 74 S.E. 2d 922 (1953). We hold that under the circumstances of this case this condition neither violated the defendant's constitutional rights nor was otherwise unreasonable.

**[5]** Defendant contends that the evidence adduced at the hearing does not support a finding that he violated the condition of his probation that he not engage in the trade of Building or Repair Contractor and limit himself to employment with others. "Ordinarily, in hearings of this character, the findings of fact and the judgment entered thereupon are matters to be determined in the sound discretion of the court, and the exercise of that discretion in the absence of gross abuse cannot be reviewed here." *State v. Davis,* 243 N.C. 754, 756, 92 S.E. 2d 177, 178 (1956) (citations omitted). We have carefully reviewed the evidence introduced at the hearing and find no abuse of discretion. The court's findings of fact are amply supported in the record and such findings support the order activating defendant's prison sentence.

[6]  When this appeal was heard in this court, defendant's counsel argued that the original bill of indictment was fatally defective because the alleged false pretense was a promise to repay $420.00 in the future. A motion in arrest of judgment is one made after verdict and to prevent entry of judgment and is based upon the insufficiency of the indictment or some other fatal defect appearing on the face of the record. *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416 (1970) ; *State v. McCollum,* 216 N.C. 737, 6 S.E. 2d 503 (1940). Judgment may be arrested in a criminal case when a fatal defect appears on the face of the record proper. When a motion in arrest of judgment is based on a fatal defect appearing on the face of the record proper, it may be made at any time, even in the appellate court; and, in the absence of such a motion, the appellate court *ex mero motu* will examine the record proper for such defect. Therefore, in the light of defendant's argument, we have examined the bill of indictment and have determined that it is sufficient to support the judgment. While a promise to do something in the future, i.e., repay money, cannot be a false pretense sufficient to support a charge under G.S. 14-100 because the false pretense must be of a past or existing fact, *State v. Hargett,* 259 N.C. 496, 130 S.E. 2d 865 (1963) ; *State v. Phillips,* 240 N.C. 516, 82 S.E. 2d 762 (1954), the bill here clearly charges that the defendant falsely represented himself to be working for an insurance company which had authorized him to make an advertising offer.

The order appealed from is

Affirmed.

Judges PARKER and CLARK concur.