STATE v. HARRY McBRIDE, JR.

(Filed 22 September, 1954.)

1. **Criminal Law § 62f—**

The maximum period during which the execution of a sentence in a criminal case may be suspended upon conditions is 5 years, but ordinarily a suspension in excess of five years will be held void only as to that portion in excess of the statutory maximum, and the sentence may be ordered executed for condition broken at any time within the 5-year period. G.S. 15-200.

**2. Same—**

Where execution of sentence is suspended upon condition that the defendant be of good behavior and violate none of the laws of the state, the violation of a criminal law of another state is not a breach of the condition and cannot be made the basis for the execution of the sentence.

**3. Same—**

The fact that an order directing the execution of a suspended sentence is held erroneous on appeal for want of proper finding of condition broken, does not prejudice the power of the court below to activate the sentence thereafter for violation of any valid condition, if such be found and properly adjudicated, during the period of suspension, but where there is nothing in the record to suggest that defendant had violated any of the conditions upon which his sentence was suspended, it will not be directed that he be held in custody for possible further inquiry, but it will be directed that he be immediately released.

PETITION for *certiorari.*

At the October Term, 1950, of the Superior Court of Cabarrus County the petitioner, hereinafter called the defendant, was arraigned upon a bill of indictment in which he was charged in the first count with breaking and entering and in the second count with larceny.

The defendant entered a plea of *nolo contendere* and Judge Gwyn pronounced judgment in pertinent part as follows:

"On the count of larceny, judgment of the Court is that the defendant be confined in the State's Prison for a term of 3 years.

"On the count of breaking and entering, judgment of the Court is that the defendant be confined in the State's Prison for a term of 5 years. The latter sentence is suspended for a period of 8 years upon the following conditions:

"After his release from active service, that the defendant be of good behavior and violate none of the laws of the state; that he return to Cabarrus County and report to the Sheriff and also to the Probation Office; . . . for a period of three years the defendant shall be placed under probation, and it is so ordered, during which time he shall faithfully abide the orders of the Probation Officer; . . ."

The defendant served the three-year sentence imposed on the larceny count and was released from prison. Following this, and on 25 January, 1954, he was brought by the Probation Officer before Judge Rousseau, then presiding over the Superior Court of Iredell County, for alleged violation of the terms of his probation and suspended sentence. Whereupon Judge Rousseau found as facts that the defendant "had wilfully violated the following conditions of probation:

"He has violated condition 'J' of the probation judgment, 'violate no penal law of any state or the Federal Government and be of general good behavior' in that on January 19, 1954 in Domestic Relations Court,

Danville, Virginia, subject was convicted of disturbing the peace in his home.

"He has violated condition 'a' of the probation judgment, 'avoid injurious or vicious habits' in that he has been drinking since being on probation."

Thereupon judgment was entered directing that the five-year suspended sentence be placed into effect. Commitment was issued and on 27 January, 1954, the defendant was committed to Central Prison in Raleigh.

Thereafter the defendant sued out a writ of *habeas corpus* which was returned before Judge Stevens, Judge presiding at the March Term, 1954, of the Superior Court of Wake County. Upon return of the writ, Judge Stevens, being of the opinion that he lacked authority to inquire further into the action of Judge Rousseau in ordering the suspended sentence into execution, denied the defendant's application for release and ordered him remanded to prison.

Following the order denying his petition for writ of *habeas corpus,* the defendant petitioned this Court for writ of *certiorari* for review of the order of denial. By order entered 9 July, 1954, we allowed the petition.

R. *Brookes Peters and E. O. Brogden, Jr., for the State.*
R. *B. Templeton and W. H. Yarborough for petitioner, defendant.*

JOHNSON, J. The maximum period during which the execution of a sentence in a criminal case may be suspended on conditions is five years. This is fixed by statute. G.S. 15-200. *S. v. Gibson,* 233 N.C. 691, 65 S.E. 2d 508; *S. v. Wilson,* 216 N.C. 130, 4 S.E. 2d 440. A suspension of sentence for a period in excess of that authorized by statute is not void *in toto.* Ordinarily it is valid to the extent the court had power to suspend or stay execution and void merely as to the excess. Therefore the attempt to suspend for a period of eight years the sentence imposed in the case at hand for breaking and entering is void as to the last three years. Accordingly, the period of suspension is reduced by operation of law to the statutory maximum of five years. This period not having expired on 25 January, 1954, Judge Rousseau had authority to hear and determine the question of revocation.

However, it is noted that Judge Rousseau revoked the suspension on the basis of his findings that the defendant had violated conditions "J" and "A" of the judgment; whereas it nowhere appears that the judgment contains any such conditions. It is manifest that Judge Rousseau, hearing the cause in Iredell County without opportunity to inspect the original judgment in Cabarrus County, was led to believe and acted on the assumption that the judgment was suspended upon the usual conditions set out in the printed forms promulgated by the State Probation Com-

mission, which contain conditions "a" and "j" referred to in Judge Rousseau's order. However, the record shows that the printed form judgment was not used.

The crucial condition upon which the original sentence was suspended is "that the defendant be of good behavior and violate none of the laws of the state." It is established by authoritative decisions of this Court that in order to activate a sentence for breach of such condition it must be made to appear that the defendant has violated one of the criminal laws of this State. *S. v. Millner, ante,* 602, decided this day. It does not suffice to show a violation of a criminal law of another state where the condition of suspension is expressly limited to a violation of a law of this State.

It necessarily follows that in the absence of a finding that the defendant violated any one of the conditions upon which his sentence was suspended, the order of revocation was erroneously entered and will be vacated, but without prejudice to the power of the court below to activate the sentence for violation of any valid condition of suspension, if such be found and properly adjudicated during the period of suspension.

However, since the record here, which includes the State's answer to the defendant's petition, filed 10 March, 1954, nowhere suggests or intimates that the defendant has violated any of the conditions upon which his sentence was suspended, we are not disposed to direct that he be held in custody for possible further inquiry. On this record he is entitled to immediate release. It is so ordered. To that end the Clerk of this Court will certify copies of this opinion to the Clerks of the Superior Court of Wake and Cabarrus Counties and to the Director of Prisons with direction that the defendant be discharged immediately from custody.

Error and remanded.