STATE OF NORTH CAROLINA v. KENNETH W. ROWLAND

No. 7617SC837

(Filed 6 April 1977)

**Criminal Law § 143— suspended sentence — revocation more than 5 years after suspension — error**

> Neither the district court nor the superior court had authority to activate a suspended sentence for violation of a condition of suspension more than five years after entry of the judgment suspending the sentence. G.S. 15-200.

APPEAL by defendant from *McConnell, Judge.* Order entered 17 May 1976 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 17 March 1977.

This is an appeal from an order of the superior court activating a suspended sentence. The following facts are not in controversy:

On 7 October 1968 defendant, Kenneth W. Rowland, was charged in a warrant with issuing a worthless check to R. W. Smith in the amount of $4,400. Upon the defendant's plea of guilty to the charge the Recorder's Court of Madison, North Carolina, entered a judgment imposing a prison sentence of two years which was suspended for five years upon condition that the defendant make restitution to Smith by 11 February 1969. On 18 January 1969 defendant wrote a letter to the Clerk of the Madison Recorder's Court advising that he had "been put

State v. Rowland

in confinement" and would not "be able to comply with the conditions of the suspension." In the letter he requested that he be brought into court as soon as possible to have the suspended sentence activated. Thereafter, on 13 August 1971, defendant was brought by prison officials before the Rockingham County District Court in Madison, North Carolina, where he again pleaded guilty to the charge contained in the original warrant. Upon defendant's second plea of guilty to the charge, the court entered a judgment on 13 August 1971 imposing a prison sentence of two years suspended on condition that "the defendant upon his release from prison, either by parole or on completion of his prison sentence, contact Mr. R. W. Smith, the prosecuting witness, or his attorney, Mr. Vernon E. Cardwell, within 30 days after his release, and make satisfactory arrangements to reimburse Mr. R. W. Smith for the worthless check in this matter in the amount of $4,400.00 as restitution for the worthless check in this matter." On 30 January 1976 the district court ordered that defendant be arrested for failure "to comply with the judgment entered by George M. Harris, Judge Presiding, on August 13, 1971, in this action charging 'Worthless Check.' " On 20 February 1976 the district court revoked the suspension of the prison sentence imposed in the judgment entered on 13 August 1971 for defendant's failure and refusal to make restitution to R. W. Smith as provided in that judgment. From the activation of the two-year prison sentence defendant appealed to the superior court.

After a hearing in the superior court, Judge McConnell made the following entry on 17 May 1976:

"The defendant appeared before the court this day after due notice upon an inquiry into an alleged violation of condition of suspension of the prison sentence imposed in that certain JUDGMENT SUSPENDING SENTENCE appearing of record in this case issued on the 13 day of August, 1971.

"From evidence presented, the court finds as fact that within the specified period of suspension, the defendant has wilfully violated the terms of the suspended sentence heretofore entered.

"It is ADJUDGED that defendant has breached a valid condition upon which the execution of said sentence was sus-

pended, and it is ORDERED that such suspension be revoked and that said defendant be imprisoned:

"For the term of 2 years in the common jail of Rockingham County to be assigned to work under the supervision of the State Department of Correction."

Defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Charles J. Murray for the State.*

*Reginald L. Yates and Robert M. Talford for the defendant appellant.*

HEDRICK, Judge.

Defendant contends, and the State concedes, that Judge McConnell had no authority on 17 May 1976 to activate the suspended sentence imposed in the judgment entered in the district court on 13 August 1971.

"The period of probation or suspension of sentence shall not exceed a period of five years and shall be determined by the judge of the court and may be continued or extended, terminated or suspended by the court at any time, within the above limit. . . ." G.S. 15-200.

In *State v. McBride,* 240 N.C. 619, 621, 83 S.E. 2d 488, 489 (1954) we find the following:

"The maximum period during which the execution of a sentence in a criminal case may be suspended on conditions is five years. This is fixed by statute. A suspension of sentence for a period in excess of that authorized by statute is not void *in toto.* Ordinarily it is valid to the extent the court had power to suspend or stay execution and void merely as to the excess." (Citations omitted.)

The charge purporting to support the judgment imposing the prison sentence activated by Judge McConnell on 17 May 1976 was first laid in a warrant issued on 7 October 1968 and reduced to judgment by the Madison Recorder's Court on 11 November 1968. Upon the defendant's plea of guilty to the charge set out in the warrant, the Madison Recorder's Court had authority to enter judgment and suspend the prison sentence for a period not exceeding five years. When the defendant

was brought in the District Court, Rockingham County, on 13 August 1971, the court had no authority to extend the period of suspension beyond 11 November 1973. Therefore, the judgment of the district court entered on 13 August 1971 is void to the extent that it attempts to extend the period of suspension beyond 11 November 1973, and neither the district court on 20 February 1976 nor the superior court on 17 May 1976 had authority to activate the suspended sentence for the violation of a condition of suspension.

The order of the superior court is

Reversed and the proceeding is dismissed.

Judges BRITT and CLARK concur.